UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br>*Plaintiff*,<br>v.<br>UNITED STATES PARK POLICE,<br>*Defendant*. | Civil Action No. 19-1502 (TSC) |

## JOINT STATUS REPORT

Defendants, the United States Park Police ("USPP"), and Plaintiff, Human Rights Defense Center ("HRDC"), each by its undersigned counsel, submit the following updated joint status report consistent with the Court's Minute Order dated October 18, 2019 directing the parties to file status reports "every 60 days":

1.  As explained in the parties previously filed Joint Status Report dated October 7, 2019 (ECF No. 11), Plaintiff agreed during meet and confer discussions to modify the scope of its FOIA request as follows: (a) excluding all records of an automobile accident (personal or property injury) under $50,000; (b) excluding all records of USPP Equal Employment Opportunity ("EEO") claims premised on worker's compensation or pay calculation benefits (but including EEO discrimination claims); and (c) excluding any category of claim where the relief sought or rendered is under $3,000. *See* ECF No. 11 at 1-2:¶4.

2.  The parties further reported that, on September 13, 2019, and with the exception of EEO records, Defendant released all records responsive to Plaintiff's modified request. With respect to EEO records, Defendant anticipated completing its search, review, and release of the EEO records request on or before November 21, 2019. *Id*. at 2:¶5. Defendant completed its search and review of relevant EEO records and produced all non-exempt EEO records to Plaintiff by letter dated October 18, 2019.

3. By email dated November 6, 2019, Plaintiff advised that it completed its review of all documents produced and requested that Defendant reconsider several redactions it believes should be withdrawn under applicable FOIA precedent.

4. Defendant agreed to consider Plaintiff's request and pursue further meet and confer discussions to narrow the areas of disagreement.

5. On March 27, 2020, Defendant provided a comprehensive and detailed response to each challenged redaction and addressed questions raised about information related to a particular subset of documents.

6. By subsequent written communications in August and early September, the parties exchanged information and views in an attempt to reach a resolution and/or further narrow the areas of disagreement.

7. The parties now believe that they have exhausted their efforts to narrow the areas of disagreement through meet and confer discussions, and that the remaining issues require briefing and resolution by the Court.

8. The parties have narrowed the issues for summary judgment briefing as follows: (1) the scope of the FOIA requests at issue for briefing is modified consistent with the parties meet and confer discussions as follows:  (a) excluding all records of an automobile accident (personal or property injury) under $50,000; (b) excluding all records of USPP Equal Employment Opportunity ("EEO") claims premised on worker's compensation or pay calculation benefits (but including EEO discrimination claims); and (c) excluding any category of claim where the relief sought or rendered is under $3,000. *See* ECF No. 11 at 1-2:¶4. (2) there are no genuinely disputed issues regarding the adequacy of the search and segregability; and (3) the only withholdings at issue are (a) the names of claimants withheld on 21 documents under Exemption (b)(6), including

the inadvertent disclosure of a claimants' name that the USPP contends should be subject to a claw-back and discarded by Plaintiff; and (b) the names of tortfeasors on 4 documents, three of which are also included in the documents with unreleased claimants. With respect to the inadvertent disclosure of a claimants' name, Plaintiff disagrees with the need for an immediate claw-back and destruction of the record, but has agreed not to disseminate the record until the issue is resolved by the Court.

9.  To resolve the remaining disputed issues, the parties propose the following briefing schedule:

|  | **Deadline** |
|---|---|
| Defendant's Motion for Summary Judgment | December 4, 2020 |
| Plaintiff's Opposition and Cross Motion for Summary Judgment | January 8, 2021 |
| Defendant's Reply and Opposition to Cross Motion for Summary Judgment | January 29, 2021 |
| Plaintiff's Reply re Opposition to Cross Motion for Summary Judgment | February 19, 2021 |

\*   \*   \*

Respectfully submitted,

| | |
|---|---|
| */s/ Deborah M. Golden* | MICHAEL R. SHERWIN |
| Deborah M. Golden, D.C. Bar #470578 | Acting United States Attorney |
| The Law Office of Deborah M. Golden | |
| 1415 H St. NE | DANIEL F. VAN HORN, D.C. Bar #924092 |
| Washington, D.C. 20002 | Chief, Civil Division |
| Telephone: (202) 630-0332 | |
| deb.golden@gmail.com | By: */s/ Paul A. Mussenden* |
| | PAUL A. MUSSENDEN |
| | Assistant United States Attorney |
| *Counsel for Plaintiff* | 555 4th Street, N.W. |
| | Washington, District of Columbia 20530 |
| | Telephone: 202 252 7874 |
| | Paul.Mussenden@usdoj.gov |
| | |
| | *Counsel for Defendants* |

Dated: September 28, 2020.

3