UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,

*Plaintiff*,

v.

UNITED STATES PARK POLICE,

*Defendant*.

Civil Action No. 19-01502 (TSC)

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Human Rights Defense Center commenced this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking the release of documents from the Defendant United States Park Police ("USPP" or "Defendant") concerning litigation against USPP. Plaintiff specifically requested records of all claims or lawsuits in which payments totaling $1,000 or more were disbursed from January 1, 2010 to the present, including the names of all parties involved, case or claim number, jurisdiction where claim was brought, date of resolution, and the amount of any settlement and to whom paid. (*See* Complaint, ECF No. 1). In addition, Plaintiff sought the complaints or claim forms and documents regarding resolution of each claim. *Id.*

Plaintiff and Defendant cooperated on the release of documents and there is no issue with respect to the adequacy of the search. The parties narrowed the scope of the FOIA request to exclude records of automobile accidents under $50,000, records of USPP Equal Employment Opportunity ("EEO") claims premised on worker's compensation or pay calculation benefits, and any claim where the relief sought or obtained was less than $3,000. (*See* Joint Status Report dated 9/28/2020, ECF No. 18).

The parties further narrowed the questions concerning withholdings and the issues for summary judgment briefing to the following: (a) the names of claimants withheld with respect to fourteen EEO complaints and three tort matters pursuant to Exemption 6, including the inadvertent disclosure of a claimant's name that USPP contends should be subject to a clawback; and (b) the names of tortfeasors withheld pursuant to Exemption 6 with respect to the three tort matters. *Id.* at 2-3.

In support of the Motion for Summary Judgment, USPP files its Local Rule 7(h) Statement of Material Facts, with the attached Declaration of Janeen C. Tyler, a FOIA Officer and Government Information Specialist for the USPP. Ms. Tyler recounts in great detail the administrative processing of Plaintiff's FOIA request, review of the documents provided, and the bases for withholding or redacting information pursuant to Exemption 6. Attached to Ms. Tyler's Declaration as Exhibit "E" is USPP's *Vaughn* Index.

As discussed below, USPP has properly applied FOIA Exemption 6 to withhold the names of EEO and tort claimants as well as the names of several low-ranking officers of the USPP involved in the three tort claims. All other information has been provided to Plaintiff. USPP respectfully submits that no genuine issue of material fact exists and summary judgment should be granted as USPP has produced all documents and information responsive under FOIA, and all information withheld is exempted under the statute.

### **STATEMENT OF FACTS**

USPP respectfully refers the Court to the accompanying Statement of Material Facts, the Declaration of Janeen C. Tyler, and the *Vaughn* Index (Exhibit "E" to Ms. Tyler's Declaration), which identifies the various redacted documents at issue and provides a full description of the reasons for the exemptions.

Per agreement of the parties, the following redactions of names of claimants in EEO cases (*Vaughn* Index documents 1-14) and tort claimants and tortfeasors in three cases (*Vaughn* Index Documents 15-17), are at issue in this summary judgment motion (*See* ECF No. 18 at 2-3):

The redaction of Claimants' names is at issue in the following EEO related documents:

- NPS-12-0187  (Document No. 1 on *Vaughn* Index)

- NPS-12-0414 (Document No. 2 on *Vaughn* Index)

- NPS-12-0625 (Document No. 3 on *Vaughn* Index)

- NPS-14-0361 (Document No. 4 on *Vaughn* Index)

- NPS-15-0096 (Document No. 5 on *Vaughn* Index)

- NPS-15-0097 (Document No. 6 on *Vaughn* Index)

- NPS-15-0643 (Document No. 7 on *Vaughan* Index)

- NPS-15-0911  (Document No. 8 on *Vaughn* Index)

- NPS-15-0975  (Document No. 9 on *Vaughn* Index)

- NPS-16-0180  (Document No. 10 on *Vaughn* Index)

- NPS-17-0496  (Document No. 11 on *Vaughn* Index)

- NPS-18-0072  (Document Nos. 12, 13 and 14 on *Vaughn* Index)

- NPS-18-0192  (Document Nos. 13 and14 on *Vaughn* Index)

- NPS-18-0645  (Document No. 14 on Vaughn Index)

The redaction of claimants' names and the names of tortfeasors is at issue in the following tort-related documents:

- TPB-18-0367  (Document No. 15 on *Vaughn* Index)

- "Tort Ortho"   (Document No. 16 on *Vaughn* Index)

- "Tort Taxicab" (Document No. 17 on *Vaughn* Index)

There is also the inadvertent release of a claimant's name on PS-15-0643, which USPP requests be destroyed by Plaintiff.  (Document No. 7 on *Vaughn* Index).

With respect to the EEO claimants, the *Vaughn* Index differentiates each individual and the circumstances surrounding their claims and the exempted information and sets forth why the identity of the claimant has been redacted.  The EEO claims of each of the 14 individual claimants is described in the *Vaughn* Index.  They include very personal claims of discrimination based on national origin, disability, age, race, sex, color, and sexual harassment.  Tyler Decl. ¶ 21; *Vaughn* Index.  All other information with respect to each claim, other than the claimants' names, has been provided to Plaintiff.

With respect to the tort claims in documents 15-17, USPP has differentiated each claim and tortfeasor.  Document 15 involves a claim of excessive force against low ranking USPP officers, and there has never been a finding that the allegations were true.  The names of a USPP sergeant and officer involved have been redacted, but their ranks have been provided, along with all other relevant information concerning the claim.  The name of a low ranking USPP officer, a detective, was redacted from document 16.  The rank has been provided, along with other relevant information concerning the claim.  Finally, with respect to document 17, the rank of the low level USPP officer was provided, along with all other information.  *Vaughn* Index; Tyler Decl. ¶¶ 23-24.

USPP redacted the names of the above claimants and tortfeasors for obvious privacy reasons.  USPP carefully examined the documents and determined the information withheld from plaintiff, if disclosed, would cause an unwarranted invasion of personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Tyler Decl. ¶¶ 6, 13-25; *Vaughn* Index.

**ARGUMENT**

**I.    SUMMARY JUDGMENT STANDARD OF REVIEW**

Defendant moves for summary judgment in its favor pursuant to Federal Rule of Civil Procedure 56.  Summary judgment is appropriate when the pleadings and evidence "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  FOIA cases typically and appropriately are decided on motions for summary judgment. *Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  In FOIA cases, a district court reviewing a motion for summary judgment conducts a *de novo* review of the record, and the responding agency bears the burden of proving that it has complied with its obligations under FOIA.  5 U.S.C. § 552(a)(4)(B).

"Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Wolf v. CIA*, 473 F.3d 370, 374–75 (D.C. Cir. 2007) (quoting *Gardels v. CIA*, 689 F.2d 1100, 1105 (D.C. Cir. 1982)).  The defending agency will prevail on summary judgment if it proves "that each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements." *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980) (internal 'quotation marks omitted) (quoting *Nat'l Cable Television Ass'n v. FCC*, 479 F. 2d 183, 186 (D.C. Cir. 1973)).  Although the court must analyze all underlying facts and inferences in the light most favorable to the FOIA requester, a defendant may rely on declarations to obtain summary judgment when the declarations are reasonably detailed and non-conclusory. *Pinson v. Dep't of Just.*, 160 F. Supp. 3d 285, 292 (D.D.C. 2016).  Declarations supporting an agency's motion for summary judgment "are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *Id.* (quoting *SafeCard Servs., Inc. v. SEC*, 926 F. 2d 1197, 1200 (D.C. Cir. 1991)).

FOIA actions are "generally and most appropriately" adjudicated through summary judgment. *Nat'l Day Laborer Organizing Network v. U.S. Immigr. & Customs Enf't*, 811 F. Supp. 2d 713, 732-733 (S.D.N.Y. 2011) (citing *Bloomberg L.P. v. Bd. of Governors of the Fed. Reserve Sys.,* 649 F. Supp. 2d 262, 271 (S.D.N.Y. 2009)); *Miscavige v. IRS,* 2 F.3d 366, 369 (11th Cir. 1993).

"In a FOIA case, summary judgment may be granted to the government if 'the agency proves that it has fully discharged its obligations under the FOIA, after the underlying facts and the inferences to be drawn from them are construed in the light most favorable to the FOIA requester.'" *ACLU Found. of Mass. v. FBI*, Civ. A. No. No. 14-11759, 2016 U.S. Dist. LEXIS 110022, at *9 (D. Mass. Aug. 17, 2016) (quoting *Fischer v. Dep't of Just.*, 596 F. Supp. 2d 34, 42 (D.D.C. 2009). An agency is entitled to summary judgment once it demonstrates that no material facts are in dispute and, if applicable, that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure. *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001); *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980).

An agency satisfies the summary judgment requirements in a FOIA case by providing the Court and plaintiff with affidavits or declarations and other evidence which show that the documents in question were produced or are exempt from disclosure. *Hayden v. NSA*, 608 F.2d 1381, 1384, 1386 (D.C. Cir. 1979); *Church of Scientology v. Dep't of Army*, 611 F.2d 738, 742 (9th Cir. 1980); *Trans Union LLC v. FTC*, 141 F. Supp. 2d 62, 67 (D.D.C. 2001) (summary judgment in FOIA cases may be awarded solely on the basis of agency affidavits "when the affidavits describe 'the documents and the justifications for non-disclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed

exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'") (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)); *see also Public Citizen Inc. v. Dep't of State*, 100 F. Supp. 2d 10, 16 (D.D.C. 2000), *aff'd in part, rev'd in part*, 276 F.3d 634 (D.C. Cir. 2002).

Generally, a court should accord "substantial weight" to agency affidavits in these matters. *Scudder v. C.I.A.,* F. Supp. 3d 19, 40 2014 (D.D.C. 2014); *Hayden v. NSA*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Agency declarations "are afforded a presumption of good faith", and an adequate affidavit "can be rebutted only with evidence that the agency's search was not made in good faith." *Defenders of Wildlife v. Dep't of Interior*, 314 F. Supp. 2d 1, 8 (D.D.C. 2004).

## II. USPP PROPERLY WITHHELD INFORMATION PURSUANT TO 5 U.S.C. § 552(b)(6)

### A. Exemption 6 Permits USPP to Withhold Documents or Information Containing Personal Information

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b) (6). The term "similar files" is broadly construed and includes "Government records on an individual which can be identified as applying to that individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164 F.3d 37, 47 (D.C. Cir. 1999). In assessing the applicability of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46. "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* at 47 (quotation marks omitted and alterations in original). "Information

7

that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." *Beck v. Dep't of Just.*, 997 F.2d 1489, 1492 (D.C. Cir. 1993).

Importantly, "[t]he privacy interest at stake belongs to the individual, not the agency." *Amuso v. Dep't of Just.*, 600 F. Supp. 2d 78, 93 (D.D.C. 2009); *accord Reporters Comm.*, 489 U.S. at 763-65. And "the concept of personal privacy . . . is not some limited or 'cramped notion' of that idea," *NARA v. Favish*, 541 U.S. 157, 165–70 (2004) (construing analogous Exemption 7(C)), but rather is grounded in "both the common law and the literal understandings of privacy [that] encompass the individual's control of information concerning his or her person." *Reporters Comm.*, 489 U.S. at 763. "Even seemingly innocuous information can be enough to trigger the protections of Exemption 6." *Horowitz v. Peace Corps*, 428 F.3d 271, 279 (D.C. Cir. 2005). An individual's privacy interest "is not limited to [personal information] of an embarrassing or intimate nature." *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 304 (D.D.C. 2007); *accord Appleton v. FDA*, 451 F. Supp. 2d 129, 145 (D.D.C. 2006). Indeed, in enacting FOIA, "Congressional concern for the protection of the kind of confidential data usually included in a personnel file is abundantly clear." *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976).

Moreover, "where there is a substantial probability that disclosure will cause an interference with personal privacy, it matters not that there may be two or three links in the causal chain." *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 878 (D.C. Cir. 1989). Under Exemption 6, any personal privacy interest greater than *de minimis* is considered to be "substantial." *Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Human Servs.*, 554 F.3d 1046, 1050 (D.C. Cir. 2009).

As emphasized above, "the *only* relevant public interest in the FOIA balancing analysis,"

according to the Supreme Court, "is the extent to which disclosure of the information sought would shed light on an agency's performance of its statutory duties[.]" *Bibles v. Or. Nat. Desert Ass'n*, 519 U.S. 355, 355-56 (1997) (alteration and internal quotation marks omitted); *see also Reporters Comm.*, 489 U.S. at 773. If the government satisfies its burden of proving that Exemption 6 is applicable because there is a relevant private interest in the requested materials, the burden then shifts to the individual requesting the information to demonstrate that the public interest served by disclosure "is a significant one," and that disclosure of the documents is likely to advance that interest. *Favish*, 541 U.S. at 172.

Here, only the names of various claimants and several tortfeasors have been redacted by USPP. Nothing more is at issue. ECF No. 18. This information sought by Plaintiff amounts to an unwarranted invasion of privacy as these unsuspecting individuals could be subject to embarrassment, harassment and undue public attention should this information be disclosed. USPP balanced the privacy interests of the individuals described above against the public interest in shedding light on what USPP is up to and determined that the minimal redactions of claimants' names and those of four tortfeasors warranted protection under Exemption 6. At bottom, there can be no claim by Plaintiff that the disclosure of this information would provide the public with a greater understanding of "what the government is up to" in order to mount a challenge to such minor withholdings under Exemption 6, and the minor redactions are protected under FOIA. *United States Dep't of Defense v. FLRA*, 510 U.S. 487, 497 (1994); *Lepelletier*, 164 F.3d at 47; *Beck,* 997 F.2d at 1492.

### Information Withheld Pursuant to FOIA Exemption 6

The responsive records in this case fell into two categories: EEO settlement case files and tort settlement case files. Tyler Decl. ¶ 13. Defendant conducted two reviews of proposed

withholdings prior to release of documents to Plaintiff. Tyler Decl. ¶¶ 12-14, 17-19. In this case, Defendant invoked FOIA Exemption 6 to protect from disclosure very limited personal information—the names of claimants in fourteen EEO cases and three tort cases, and the names of tortfeasors in the three tort cases. All other requested information regarding the claims has been provided to Plaintiff. Tyler Decl. ¶¶ 20-27; *Vaughn* Index.

The first review took place in September and October of 2019. Pursuant to Exemption 6, the identity of any tort claimants or employees who filed EEO complaints was redacted, as was the identity of witnesses. The redactions included the person's name, pronouns that could identify gender, settlement dates, and dates of filing of claims. These redactions were made because, after applying the proper balancing test, release of the information would constitute an unwarranted invasion of privacy given the nature of the complaints. Tyler Decl. ¶ 14.

Plaintiff questioned the redactions and requested that USPP re-evaluate each redacted record on a case by case basis. This was done in a second review of the proposed withholdings. Tyler Decl. ¶¶ 17-20. After this second review, further information was released to Plaintiff and only the identity of any tort claimants and tortfeasors or employees who filed EEO complaints was withheld. USPP determined that the name redactions were necessary because release of the information would constitute an unwarranted invasion of privacy due to the nature of the complaints. *Id* at 20; *Vaughn* Index.

Pursuant to the *Vaughn* Index, information was withheld (the identities of the claimants) on documents 1-14 as they all involved EEO complaints and various claims of discrimination— national origin, race, sex, age, and/or disability discrimination. Each claim is described in the *Vaughn* Index and the reasons for redaction are set forth. Releasing the names of the claimants would constitute an unwarranted invasion of their personal privacy, particularly given the sensitive

nature of the EEO discrimination complaints.  The interest of the employees in keeping this information private outweighs the public interest as the withheld names would not shed light on the activities or operations of USPP.  Additionally, all EEO records are maintained in a Privacy Act System of Records whereby claimant's information is carefully protected.  USPP performed the required balancing test and correctly came down on the privacy of the claimants.  Tyler Decl. ¶¶ 20-22, 25-27; *Vaughn* Index..

Likewise, the names with respect to three tort claims were withheld from documents 15-17.  Document 15 involved a tort claim against a Park Service officer.  Defendant withheld personal information regarding the identities of the claimant and the USPP officers involved, as release of the information would constitute an unwarranted invasion of privacy, and release would not shed light on the activities of the agency.  Document 16 also involved a tort claim against an officer.  The names and personal information of the claimant and the officer involved were withheld for the same privacy reasons.  Document 17 also involves a tort claim, and the names and personal information of the claimant and the officer involved were withheld.  *Id.*  Indeed, there has never been a finding that the allegations were true in any of these matters.  Tyler Decl. ¶ 23; *Vaughn* Index.

At bottom, there can be no claim by Plaintiff that the disclosure of this information would provide the public with a greater understanding of "what the government is up to" in order to mount a challenge to such minor withholdings under Exemption 6, and the minor redactions are protected under FOIA.  *Lepelletier*, 164 F.3d at 47; *Beck,* 997 F.2d at1492.

The above information was properly withheld by USPP.  Plaintiff has been provided with all other information with respect to the EEO and tort claims, and only the names of claimants and tortfeasors have been withheld.  USPP assessed the applicability of Exemption 6, and weighed the

"privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46.  Disclosure of the names of the individuals would shed no "light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* at 47; *United States Dep't of Defense v. FLRA*, 510 U.S. at 497.

\*   \*   \*

## <u>CONCLUSION</u>

Based on the foregoing, and the accompanying Statement of Facts, Declaration of Janeen

C. Tyler, and *Vaughn* Index, summary judgment should be granted in favor of USPP.

Dated:  March 26, 2021                            Respectfully submitted,

                                                  CHANNING D. PHILLIPS
                                                  D.C. Bar No. 415793
                                                  Acting United States Attorney

                                                  BRIAN P. HUDAK
                                                  Acting Chief, Civil Division

                                                  /s/Thomas W. Duffey/s/
                                                  THOMAS W. DUFFEY
                                                  Assistant United States Attorney Civil Division
                                                  555 4th Street, N.W. Washington, D.C. 20530
                                                  (202) 252-2510
                                                  Thomas.Duffey@usdoj.gov

                                                  Counsel for Defendant