UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES PARK POLICE,<br><br>*Defendant*. | Civil Action No. 19-01502 (TSC) |

## DECLARATION OF JANEEN C. TYLER

I, Janeen C. Tyler, declare as follows:

1. I am a Freedom of Information Act (FOIA) Officer and Government Information Specialist for the United States Park Police (USPP) at the Department of the Interior (Department). I have held this position since April 2008. My office receives and processes all initial FOIA requests for offices and staffs within the United States Park Police. In my capacity as the USPP FOIA Officer, I am familiar with USPP's obligations under FOIA, including application of the various exemptions thereunder. All information herein is based upon my personal knowledge, and/or experience and/or my personal review of Plaintiff's FOIA request and documents, and/or upon information furnished to me in my official capacity. I participated in processing the FOIA request that is the subject of this lawsuit.

### ADMINISTRATIVE HISTORY OF PLAINTIFF'S FOIA REQUEST
### NPS-2019-00608 and NPS-2019-00715

2. On December 12, 2018, and March 1, 2019, Michelle Dillon, on behalf of the Human Rights Defense Center (Plaintiff), submitted a FOIA Request to the United

1

States Park Police seeking:

> [A]ll records . . . concerning litigation against the U.S. Park Police and/or its employees or agents where the agency and/or its insurers paid $1,000 or more to resolve claims. These payments include but not limited to settlements, damages, attorney fee awards, and sanctions, irrespective of the identity of the plaintiff or claimant; and record of all litigation against the U.S. Park Police and/or its employees or agents where the agency and/or its insurers paid $1,000 or more to resolve claims. These payments include, but not limited to, settlements, damages, attorney fee awards, and sanctions irrespective of the identity of the plaintiff or claimant.

*See* Exhibit A (NPS-2019-00608 FOIA Request (December 12, 2018)). The FOIA Request included a date restriction confining the request to records from "January 1, 2010 to the date of receipt of request February 26, 2019." *Id.* This request was put on complex processing track and assigned the tracking number NPS-2019- 00608.

### USPP'S SEARCH FOR DOCUMENTS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST

3. I spoke briefly on February 26, 2019, to JR Richardson, Chief, Occupational Safety, Health and Wellness who was reasonably ascertained to be the custodian of potentially responsive records given his direct connection to the underlying subject matter. However, the request was too broad.

4. Due to the broadness of the plaintiff's request, on July 11, 2019, plaintiff agreed to limit and clarify the scope of their request to exclude the following:

    1. Anything that is an automobile accident (personal or property injury) under $50,000.

    2. Any EEO claim that sounds in worker's compensation or pay calculation, or are not about discrimination.

    3. Any claim at all under $3,000 (instead of $1,000). Exhibit B.

5. When the USPP receives a FOIA request, I evaluate the request to determine

which person within the USPP may reasonably be expected to contain the records requested. This determination is based on the description of the records requested and requires a familiarity with how the USPP maintains records. Based on my knowledge, I sent a records' request to three persons, because they were reasonably ascertained to be the custodians of potentially responsive records given their direct connection to the underlying subject matter. Exhibit C.

6. These custodians included Beverly McKnight (NPS, EEO); JR Richardson (USPP, Chief, Occupational Safety, Health and Wellness); and Karlyn Payton (USPP, Employee and Labor Relations Unit).

7. The custodians were given search instructions on how to search for the records. Exhibit D.

8. Each custodian searched their records for the period of January 1, 2010, to February 26, 2019, using the plaintiff's limited scope of request. When conducting a search in response to a FOIA request, the USPP relies on the knowledge and expertise of the employees of each custodian to determine the files and locations reasonably likely to house responsive records and the best means of locating such records, as these employees are in the best position to know how their files are organized.

9. After conducting the search, the custodians provided the results to the USPP FOIA Office.

10. Given my twelve years (12) of experience within the USPP FOIA Office, I concluded that no one else would be reasonably likely to have responsive records.

11. After review and deduplication, I identified eighteen (18) documents totaling 220 pages as responsive to NPS- 2019-00608. Of the eighteen documents, one was released in full.

**FIRST REVIEW OF PROPOSED WITHHOLDINGS AND AWARENESS REVIEW**

12. On September 11, 2019, October 10, 2019, pursuant to agency regulations, after proposing redactions, my office sent the responsive documents to the Department's Office of the Solicitor for legal review.

13. The responsive records fell into two general categories: (1) EEO settlement case files and (2) tort settlement case files.

14. Exemption 6 allows an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  For this reason, the identities of any tort claimants or employees who filed EEO complaints were redacted. Also, the identities of alleged tortfeasors and witnesses were redacted. These redactions were not limited to the name of the person, but also included pronouns that could identify a complainant's/witness's gender, any other personal identifiably makers, settlement dates, and date of filing claims. These redactions were made pursuant to 5 U.S.C. § 552(b)(6) because release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the complaints.

**RELEASE OF RESPONSIVE RECORDS TO PLAINTIFF**

15. After legal review, on September 13, 2019, the first partial response letter was sent to the plaintiff that contained three (3) responsive documents totaling thirty-two (32) pages. Exhibit F.

16. After legal review, on October 18, 2019, the second final partial response letter was sent to the plaintiff that contained fifteen (15) responsive documents totaling 188 pages. Exhibit G.

**SECOND REVIEW OF PROPOSED WITHHOLDINGS AND AWARENESS REVIEW**

17. In December 2019, plaintiff requested that my office evaluate each redacted record on a case by case basis and not make categorical redactions. Specifically, plaintiff questioned our exemption 6 redactions.

18. Pursuant to agency regulations, after re-evaluating USPP's earlier releases, my office sent revised proposed redactions to the Department's Office of the Solicitor for legal review.

19. USPP reviewed document nos. 1-17 to see if revised redactions could be made, and USPP did make modifications.

**RELEASE OF RESPONSIVE RECORDS AFTER SECOND REVIEW TO PLAINTIFF**

20. In response to plaintiff's request, USPP released modified redactions in May 2020 and September 2020. Additional information was released to Plaintiff, but USPP continued to withhold, pursuant to Exemption 6, the names of the EEO claimants on documents 1-14, the names of tort claimants on documents 15-17, and the names of alleged tortfeasors on documents 15-17. The documents at issue, nos. 1-17, and the reasons for the application of Exemption 6, are set forth in the *Vaughn* Index, attached as Exhibit "E".

21. The EEO claimants in documents 1-14 on the *Vaughn* Index made various personal claims of discrimination based on disability, age, race, national origin, sex, color, and sexual harassment. *Vaughn* Index.

5

22. USPP carefully examined the documents and determined that the EEO claimants in documents 1-14 had a significant privacy interest in their identities and that their privacy interests outweighed the release of the information, and that release of the information would not shed light on the activities of USPP. *Vaughn* Index.

23. The tort claimants and alleged tortfeasors in documents 15-17 on the *Vaughn* Index involved personal claims of injury, and allegations against low ranking USPP employees that were never proven. *Vaughn* Index.

24. USPP carefully examined the documents and determined that the tort claimants and alleged tortfeasors in documents 15-17 had a significant privacy interest in their identities and that their privacy interests outweighed the release of the information, and that release of the information would not shed light on the activities of USPP. *Vaughn* Index.

## **CONCLUSION**

25. The USPP performed adequate and reasonable searches for records responsive to Plaintiffs FOIA request to the USPP; processed all records located by the USPP; and released all reasonably segregable non-exempt information from records responsive to Plaintiff's FOIA request. Information was properly withheld pursuant to FOIA Exemption 6. The only information withheld was the names of EEO claimants on Document nos. 1-14; the names of tort claimants on documents 15-17; and the names of 4 alleged tortfeasors on documents 15-17, who were all low-ranking USPP officers. See *Vaughn* Index.

26. The USPP carefully examined documents 1-17 and determined that the information withheld from Plaintiff pursuant to Exemption 6, if disclosed, would cause a clearly

unwarranted invasion of personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy. See *Vaughn* Index.

27. The USPP performed a balancing test, and concluded that the privacy interests of those individuals whose names were redacted outweighed the public interest in release of the information. See *Vaughn* Index.

28. After extensive review of the documents at issue, the USPP determined that there is no further non-exempt information that can be reasonably segregated and released without revealing exempt information.

29. But to the extent that a claimant's name was inadvertently released, it was done in error and plaintiff should not disclose the errant release to the public and should destroy that document.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 26, 2021.

_Janeen C. Tyler_
Janeen C. Tyler
Freedom of Information Act Officer
United States Park Police