**Exhibit E**

| Doc. No. | Record Description | AR Pages | Disposition and/or Exemptions |
|---|---|---|---|
| 1 | NPS-12-0187 (National Origin, Sex, Age & Disability Discrimination Claim) File Contains:<br>• Acceptance Letter<br>• Blank Withdrawal of Complaint Form<br>• Order of Dismissal<br>• Settlement Agreement and Release<br>• Envelope | 1,2,4-10 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |

| 2 | NPS-12-0414 (Race, Color, Sex and Age Discrimination Claim) File Contains: <ul><li>Acceptance Letter</li><li>Blank Withdrawal of Complaint Form</li><li>Order of Dismissal</li><li>Settlement Agreement and Release</li><li>Envelope</li></ul> | 1-3,5,7-13 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 3 | NPS-12-0625 (Race, Color, Sex and Age Discrimination Claim File Contains: <ul><li>Amendment, Partial Acceptance Letter</li></ul> | 1-10 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information |

| | | | |
|---|---|---|---|
| | • Blank Withdrawal of Complaint Form<br>• Settlement Agreement and Release | | outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex,  age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 4 | NPS-14-0361 (Sex Discrimination Claim) File Contains:<br>• Acceptance Letter<br>• Blank Withdrawal of Complaint Form<br>• Order of Dismissal<br>• Settlement Agreement and Release | 1-10 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a |

| | | | |
|---|---|---|---|
| | • Envelope | | Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information can not be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident because this particular office is small. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 5 | NPS-15-0096 (Sex and Race Discrimination Claim File Contains:<br>• Acceptance Letter<br>• Blank Withdrawal of Complaint Form<br>• Settlement Agreement and Release | 1-8 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the |

| | | | |
|---|---|---|---|
| | | | willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex,  age, and disability of the claimant as well as the date of the incidentDue to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 6 | NPS-15-0097 (Age, Sex and Discrimination and Reprisal Claim<br>File Contains:<br>• Acceptance Letter<br>• Blank Withdrawal of Complaint Form<br>• Order of Dismissal<br>• Settlement Agreement and Release<br>• Envelope | 1-13 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information can not be protected.<br><br>This personal information included the national origin, sex,  age, and disability of the claimant as well as the date of the incident. Due to the limited number of |

| | | | |
|---|---|---|---|
| | | | officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 7 | NPS-15-0643 (Harassment and Sex Claim)<br>File Contains:<br>• Partial Acceptance Letter<br>• Blank Withdrawal of Complaint Form<br>• Order of Dismissal<br>• Settlement Agreement and Release | 1-6,8-16 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, \ age, and disability of the claimant as well as the date of the incident because this particular office is small. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently |

| | | | satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
|---|---|---|---|
| 8 | NPS-15-0911 – Race Discrimination Claim) File Contains: <br> • Acceptance Letter <br> • Blank Withdrawal of Complaint Form <br> • Settlement Agreement dated 9/24/2018 | 1,3-15 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department. <br><br> The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information can not be protected. <br><br> This personal information included the national origin, sex,  age, and disability of the claimant as well as the date of the incidentDue to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant. <br><br> In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |

| 9 | NPS-15-0975 (Gender Discrimination and Reprisal Claim)<br>File Contains:<br>• Acceptance Letter<br>• Blank Withdrawal of Complaint Form | 1-4 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident because this particular office is small. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 10 | NPS-16-0180 (Race, Sex, Color & Age Discrimination and Reprisal Claim)<br>File Contains:<br>• Acceptance Letter | 1-12 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information |

| | | | |
|---|---|---|---|
| | <ul><li>Blank Withdrawal of Complaint Form</li><li>Settlement Agreement and Release</li></ul> | | outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 11 | NPS-17-0496 (Race, National Origin, and Age Discrimination Claim)<br>File Contains:<br><ul><li>Acceptance Letter</li><li>Blank Agreement to ADR Mediation Form</li><li>Blank Withdrawal of Complaint Form</li></ul> | 1,3-16 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a |

| | | | |
|---|---|---|---|
| | • Notice of Settlement Letter<br>• Order of Dismissal<br>• Settlement Agreement and Release | | Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information can not be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 12 | NPS-18-0072 (Race, Color, & Age Discrimination and Reprisal Claim)<br>File Contains:<br>• Acceptance Letter<br>• Blank Agreement to ADR Mediation Form<br>• Blank Withdrawal of Complaint Form<br>• Settlement Agreement dated 9/24/2018<br>• Envelope | 1-15 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the |

| | | | |
|---|---|---|---|
| | | | willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 13 | NPS-18-0072/NPS-18-0192 (Race, Sex, Color & Age Discrimination and Reprisal Claim)<br>File Contains:<br>• Consolidated Acceptance Letter, NPS-18-0072 and NPS-18-0192<br>• Blank Withdrawal of Complaint Form<br>• Settlement Agreement dated 9/24/2018 | 1-15 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information can not be protected.<br><br>This personal information included the national origin, sex,  age, and disability of the claimant as well as the date of the incident. Due to the limited number of |

| | | | |
|---|---|---|---|
| | | | officers working at this facility, release of these details would reveal the identity of the claimant.<br><br>In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 14 | NPS-18-0072/0192-0645 (Race, Sex, Color & Age Discrimination and Reprisal Claim)<br>File Contains:<br>&bull; (Combined) Settlement Agreement for NPS-15-0911, NPS-18-0072, NPS-18-0192, NPS-18-0645 dated 9/24/2018[1] | 1-11 (b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the EEO complaint. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>The Department of the Interior's EEO claim system gives a source of relief to aggrieved and vulnerable employees. All of these EEO records are maintained in a Privacy Act System of Records. Claimant's information is carefully protected and held in confidence in order protect the claimants from retaliation and embarrassment. By exposing the identities of EEO claimants, former and potential claimants are sent the message that their information is not safe. Accordingly, publishing the identities of EEO complainants would have a chilling effect on the willingness of potential complainants to file future EEO complaints because of the precedent being established that their information cannot be protected.<br><br>This personal information included the national origin, sex, age, and disability of the claimant as well as the date of the incident. Due to the limited number of officers working at this facility, release of these details would reveal the identity of the claimant. |

[1] The records labeled as NPS-15-0911, NPS-18-0072, NPS-18-0192, NPS-18-0645 each contain the same Settlement Agreement. These appear to be separate scans of the same underlying document and I assume were released this way because a copy of the document was placed in the folder of each complaint.

| | | | |
|---|---|---|---|
| | | | In addition, USPP withheld the name of the EEO Specialist listed as the point of contact on the Acceptance Letter. Releasing this individual's title sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the EEO Specialist is a relatively low-ranking DOI employee only negatively impacts the officer's privacy interest and has a de minimus public benefit. |
| 15 | TPB-18-0367, Breton v. Park Police, DC Claim, Ex. Force, 2018<br>File Contains<br>• FTCA Disposition Memo<br>• Judgment Fund Voucher for Payment<br>• Report and Recommendation for Settlement Memo by Claims Specialist<br>• Claims Worksheet | 1-3,7-13,15-17 (b5 & b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the use of force complaint against an officer. Additionally, the employee's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department. More specifically, the USPP has redacted<br>• date of accident (box 6) - USPP will not release the date of the accident. Releasing the date of the accident would expose the accident in question and will allow a fishing expedition. The dates are redacted to protect the privacy of the claimant.<br>• description (box 8) - USPP will not release the claimants name nor the date of the incident. USPP released the description of the incident however, withheld the claimant's prior medical history. Releasing the claimant prior medical history is clearly an invasion of the HIPPA law.<br>• injury (box 10) - USPP will not release the claimant's medical history as such a release would likewise violate the HIPPA.<br>• witness name (box 11) - Due to personal privacy USPP is not willing to release the names of the witnesses. Releasing the name of the witnesses is clearly an unwarranted invasion of personal privacy. The public interest in knowing the name of the witness is low in contrast to the witness's interests in personal privacy.<br>• Description, paragraph 7: The dates and names are redacted to protect the privacy of the claimant. The public interest in knowing the precise day and month of when the claimant went on unpaid leave is low in contrast to the claimant's interests in personal privacy. |

|  |  |  | • Paragraph 9: Name of Sergeant involved - Due to personnel/personal privacy USPP will not release the name of the sergeant involved. Releasing the rank of the officer involved sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the sergeant who is still employed by the USPP and is a relatively low-ranking law enforcement officer, only negatively impacts the officer's privacy interest and has a de minimus public benefit. Additionally, no court ever found that the allegations were true.<br>• Name of officer involved - Due to personnel/personal privacy USPP will not release the name of the officer involved. Releasing the rank of the officer involved sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the officer who is still employed by the USPP and is a relatively low-ranking law enforcement officer, only negatively impacts the officer's privacy interest and has a de minimus public benefit. Additionally, no court ever found that the allegations were true.<br><br>Pursuant to 5 U.S.C. § 552(b)(5), redactions were made to memos drafted by attorneys to provide litigation risk analysis for a client. The redactions are limited to the portions of the memos reflecting the attorney's legal analysis on the strength and weakness of the claim.<br><br>We also recognize that in our initial release, the claimant's name may have been inadvertently released. Under the Privacy Act of 1972 and FOIA exemptions 6 and 7(c), the name should be treated as redacted. We ask that you destroy any copy referencing the claimant and not disseminate or attempt to contact the person. |
|---|---|---|---|
| 16 | Tort Ortho<br>File Contains<br>• FTCA Claims Settlement Offer Letter<br>• Judgment Fund Voucher for Payment | 1,2,6-9 (b5 & b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the their FTCA claim. Additionally, the claimant's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department. |

| | | | |
|---|---|---|---|
| | • Memorandum from Claims Specialist | | Pursuant to 5 U.S.C. § 552(b)(5), redactions were made to memos drafted by attorneys to provide litigation risk analysis for a client. The redactions are limited to the portions of the memos reflecting the attorney's legal analysis on the strength and weakness of the claim.<br><br>Due to personnel/personal privacy USPP withheld the name of the officer involved. Releasing the rank of the officer (detective) involved sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the detective who is still employed by the USPP and is a relatively low-ranking law enforcement officer, only negatively impacts the officer's privacy interest and has a de minimus public benefit. Additionally, no court ever found that the allegations were true. |
| 17 | Tort Taxicab<br>File contains<br>• FTCA Claims Settlement Offer Letter<br>• Claims Worksheet<br>• Standard Form 95 | 3-5 (b5 & b6) | Pursuant to 5 U.S.C. § 552(b)(6), USPP withheld the personal information regarding the identity of the claimant as release of the information would constitute an unwarranted invasion of personal privacy due to the nature of the their FTCA claim. Additionally, the claimant's privacy interest in this information outweighs the public interest in its release as the information that was withheld does not shed light on the activities or operations of the Department.<br><br>Pursuant to 5 U.S.C. § 552(b)(5), redactions were made to memos drafted by attorneys to provide litigation risk analysis for a client. The redactions are limited to the portions of the memos reflecting the attorney's legal analysis on the strength and weakness of the claim.<br><br>Due to personnel/personal privacy USPP withheld the name of the officer involved. Releasing the rank of the officer (detective) involved sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the detective who is still employed by the USPP and is a relatively low-ranking law enforcement officer, only negatively impacts the officer's privacy interest and has a de minimus public benefit. Additionally, no court ever found that the allegations were true. |