UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER, )
    Plaintiff, )
     )
    v. )     Civil Action No. 1:19-cv-01502-TSC
     )
UNITED STATES PARK POLICE )
    Defendant. )
     )

## Plaintiff Human Rights Defense Center Statement of Genuine Issues

Under Local Civil Rule 7(h), Plaintiff Human Rights Defense Center provides the following response to Defendant's Statement of Material Facts, ECF No. 23-2. Generally, there is no disagreement about which documents were produced or what issues remain. HRDC disputes the legal propriety of specific redactions.

**Paragraphs 1-4:** Plaintiff does not dispute these facts.

**Paragraph 5:** Plaintiff disputes the legal conclusion that release of the redacted information would constitute a clearly unwarranted invasion of personal privacy under Exemption 6.

**Paragraphs 7-14:** Plaintiff does not dispute these facts.

1

**Paragraph 15:** Plaintiff disputes the legal conclusion that the privacy interests in the identities of the EEO claimants outweigh the public interest in the information and that light that they would shed on the activities of the USPP.

**Paragraph 16:** Plaintiff does not dispute that the tort claims in documents 15-17 involve claims of personal injury at the hands of Park Police employees. Plaintiff disputes that none of the allegations were ever proven. Wright Decl. ¶ 8.

**Paragraph 17:** Plaintiff disputes the legal conclusion that the privacy interests in the identities of the tort claimants and tortfeasors outweigh the public interest in the information and that light that they would shed on the activities of the USPP.

**Paragraph 18:** Plaintiff does not dispute that the searches for documents were adequate and reasonable. Plaintiff disputes the legal conclusion that the redactions were all proper under Exemption 6.

**Paragraphs 19-21:** Plaintiff disputes the legal conclusion that the redactions were all proper under Exemption 6.

**Paragraph 22:** Plaintiff disputes the legal conclusion that it should destroy a produced document.

**Paragraphs 23-24:** Plaintiff does not dispute these facts.

Further, Human Rights Defense Center submits the following as further material facts as to which there is no genuine issue.

1. Document No. 15 includes a settlement of excessive force by a USPP officer for $17,500.00. The document notes that the claim was sustained by an Internal Affairs Unit investigation. Wright Decl. ¶ 8.

2. Document No. 16 includes a settlement of excessive force by a USPP officer for $13,500.00. Wright Decl. ¶ 9.

3. Document No. 17 includes a settlement of unconstitutional detention by the USPP for $15,000.00. Wright Decl. ¶ 10.

4. The USPP had agreed to unredact the identity of the claimant in Document No. 17. Exhibit A to Wright Decl., p. 7.

5. The USPP repeatedly referred to the name of the claimant in Document No. 15, even naming the PDF "Brenton v. Park Police," and repeating that title in the *Vaughn* index. Exhibit B to Wright Decl., p. 6; *Vaughn* index p. 13.

Dated: April 26, 2021

Respectfully submitted,

*/s/ Deborah M. Golden*
Deborah M. Golden
The Law Office of Deborah M. Golden
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
(202) 630-0332
dgolden@debgoldenlaw.com

Counsel for Human Rights Defense Center