# EXHIBIT A

 Gmail

**Deborah Golden <deb.golden@gmail.com>**

---

## (3-27-20 Agency Supplemental Response re Redactions and Pershing Park Settlements 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

3 messages

---

**Mussenden, Paul (USADC)** <Paul.Mussenden@usdoj.gov>                    Fri, Mar 27, 2020 at 5:55 PM
To: Deborah Golden <deb.golden@gmail.com>
Cc: Dan Marshall <dmarshall@humanrightsdefensecenter.org>

Deb:  Please see below and attached.  A draft JSR is also attached proposing a path forward for further proceedings.

---------------

This email respond's to HRDC's November 11, 2019, request for USPP to (1) amend its redactions from the previously released records, (2) provide any records for the Pershing Park settlement, and (3) address why caselaw supports USPP's amended redactions. The following responds to each in turn.

**Pershing Park:**

USPP re-searched the records of both its chain of command and the offices most likely to have responsive records related to the Pershing Park settlement, but was unable to identify any responsive records. It is unclear why USPP does not have a record, as USPP agrees that the settlement documents are public record. It is possible that NPS did not retain a copy of the settlement, because it is a public record. In any event, a copy of the public record is attached.

**Legal Precedent Cited By Plaintiff – Important Factual Distinctions**:

Although many of the cases plaintiff cites in support of its challenges to USPP's redactions are factually similar, their conclusions likely support the proposed withholdings.

For example, in *Samuels,* the plaintiff requested documents showing all money paid by the BOP for lawsuits and claims against it. Similar to this matter, the released documents included FTCA and EEOC settlement records. Also similar, BOP redacted the PII of the claimants and the alleged perpetrators. But, most importantly, the D.C. Circuit did not discredit or overturn the redacted PII of the claimants or alleged perpetrators. Instead, the court took issue with BOP's categorical *Vaughn* descriptions. For instance, the court said that BOP's categorical descriptions did not account for the varying privacy interests in the claims and failed to distinguish between redacting the identity of victims and the alleged perpetrator. The Court noted as an example that a slip and fall accident and a sexual assault may both be FTCA claims, but have different privacy interests. Also, the court generally supported the proposition that the privacy interest of the victim is likely greater than the alleged perpetrator.

In *American Immigration Lawyers Ass'n*, the plaintiff requested records related to complaints of misconduct by immigration judges. DOJ redacted the names of all of the judges, and the D.C. Circuit determined that those categorical redactions were improper. The Court reasoned that "given the variety in types of complaints and circumstances of individual immigration judges, not every judge has the same privacy interests at stake and not every compliant would equally enlighten the public about what their government is up to." *See American Immigration Lawyers Ass'n*, 830 F.3d 667, 675.  As the Court explained, a retired judge would have a greater privacy interest that a sitting judge, and a judge with numerous or serious complaints would have a lesser interest than one with a few minor ones.

In reviewing plaintiff's list of redactions provided for our consideration, a common thread emerges: USPP redacted the victim/claimant's name, the date of filing and settlement, and the claimant's attorney's name, but plaintiff wants us to disclose that information. There is nothing from the cases cited that indicate that we should disclose the claimant's name. As discussed above, the cases were not about the claimants' or victims' privacy interests, but about the interests of the alleged perpetrator. To be clear, USPP did not redact the year that a complaint was filed or settled, but only the exact date. The only reason why USPP redacted the names and dates was to protect the identity of the claimant, but we do recognize that each redaction must be made in the context of that specific document.

**Amended Redactions:**

For that reason, after reviewing each individual question raised by plaintiff and the particularized facts of the record, we propose  the following:

**NPS-12-0187 (National Origin, Sex, Age & Disability Discrimination Claim)**

· name of claimant - To *protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· name of attorney – **USPP will unredact.**

· date of filing – **USPP will unredact.**

· date of settlement – **USPP will unredact.**

**NPS-12-0271**

· name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· date of filing – **USPP will unredact.**

· date of settlement – **USPP will unredact.**

· Also, only the settlement was provided, not the claim form. Please check that was intentional. – *The National Park Service Equal Employment Office conducted a second search and did not find any additional responsive records.*

**NPS-12-0414 (Race, Color, Sex and Age Discrimination Claim)**

· name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· date of filing – **USPP will unredact.**

·     date of settlement – **USPP will unredact.**

**NPS-12-0625 (Race, Color, Sex and Age Discrimination Claim)**

·     name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

·     name of attorney  – **USPP will unredact.**

·     date of filing– **USPP will unredact.**

·     date of settlement – **USPP will unredact.**

**NPS-14-0361 (Sex Discrimination Claim**)

·     name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

·     name of attorney  **USPP will unredact.**

·     employment title, on page 1 – *USPP will not release the employment title, because this particular office is small. Due to the limited amount of officers working at this facility would clearly jeopardize the identity of the claiman*t.

·     the name of the Deputy Chief of National Park Services, page 8 of agreement, page 10 pf PDF – **USPP will unredact.**

**NPS-15-0096 (Sex and Race Discrimination Claim**)

·     name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

·     name of attorney  – **USPP will unredact.**

·     employment claim, on page 1 - USPP did release the employment claim. *The only information that was redacted was information that identified the claimant and that person's privacy interests.*

**NPS-15-0097 (Age, Sex and Discrimination and Reprisal Claim**)

·     name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

·     name of attorney  **USPP will unredact.**

·     employment claim, on page 1 - *USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests.*

**NPS-15-0643  (Harassment and Sex Claim)**

·     name of claimant -  *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.    We also recognize that in our initial release, the claimant's name may have been inadvertently released. Under the Privacy Act of 1972 and FOIA exemptions 6 and 7(c), the name should be treated as redacted. We ask that you destroy any copy referencing the claimant and not disseminate or attempt to contact the  person.*

·     name of attorney  – **USPP will unredact.**

· employment claim, on page 1 - *– USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests.*

· dismissed claim on bottom of page 2 – *Unclear what plaintiff is seeking. The facts of the claim were released. The only information redacted was the precise date when complainant was placed on leave restriction and when EEO was contacted.*


**NPS-15-0911 – Race Discrimination Claim**

· name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· name of attorney  – **USPP will unredact.**

· employment claim, on page 1 - *USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests.*


**NPS-15-0975 (Gender Discrimination and Reprisal Claim)**

· name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· name of attorney  – **USPP will unredact.**

· employment claim, on page 1 - *USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests.*


**NPS-16-0180 (Race, Sex, Color & Age Discrimination and Reprisal Claim)**

· name of claimant -*To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· name of attorney  – **USPP will unredact.**

· employment claim, on page 1 - *USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests.*


**NPS-17-0496 (Race, National Origin, and Age Discrimination Claim)**

· name of claimant -*To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· date of filing of complaint - **USPP will unredact.**

· date of settlement - **USPP will unredact.**


**NPS-18-0072 (Race, Color, & Age Discrimination and Reprisal Claim)**

· name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

· name of attorney  – **USPP will unredact.**

·      employment claim, on page 1 – *USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests.*

### NPS-18-0072/NPS-18-0192 (Race, Sex, Color & Age Discrimination and Reprisal Claim)

·      name of claimant - *To protect personnel/personal privacy interests of the claimant in EEO matter, USPP will not release claimant's name.*

·      name of attorney -- **USPP will unredact.**

·      employment claim, on page 2 – *USPP did release the employment claim. The only information that was redacted was information that identified the claimant and that person's privacy interests. Releasing additional information would jeopardize the identity of the claimant due to the limited amount of officers that qualified for the position.*

### NPS-18-0072/0192-0645 (Race, Sex, Color & Age Discrimination and Reprisal Claim)

·      name of claimant - *To protect personnel/personal privacy interests of the claimant in an EEO matter, USPP will not release claimant's name.*

### TPB-18-0367, Breton v. Park Police, DC Claim, Ex. Force, 2018

B(5) is an inappropriate ground: nothing on a submitted FTCA form is an interagency deliberation. *Any redaction made on the submitted FTCA form was made under Exemption 6. Those redactions were made to protect the identity of the claimant and law enforcement officer.  Exemption 5 applied to the internal memorandums.*

·      name (box 2) - *To protect personnel/personal privacy interests of the claimant, USPP will not release claimant's name.*

·      date of accident (box 6) -  *USPP will not release the date of the accident.  Releasing the date of the accident would expose the accident in question and will allow a phishing expedition*.

·      description (box 8) – *USPP will not release the claimants name nor the date of the incident. USPP released the description of the incident however, withheld the claimants prior medical history.  Releasing the claimant prior medical history is clearly an invasion of the HIPPA law.*

·      injury (box 10) – *USPP will not release the claimants medical history.*

·      witness name (box 11) - *Due to personal privacy USPP is not willing to release the names of the witnesses.  Releasing the name of the witnesses is clearly an unwarranted invasion of personal privacy.*

### TPB-18-0367, Brenton v. Park Police, memo

·      Description, paragraph 7: *Dates and names are inappropriately redactions. The dates and names are redacted to protect the privacy of the claimant. The public interest in knowing the precise day and month of when the claimant went on unpaid leave is low in contrast to the claimant's interests in personal privacy.*

·      Paragraph 9: Name of Sergeant involved – *Due to personnel/personal privacy USPP will not release the name of the sergeant involved. Releasing the rank of the officer involved sufficiently satisfies the public's interest in knowing more about case. Releasing the name of the sergeant who is still employed by the USPP and is a relatively low-ranking law enforcement officer, only negatively impacts the officer's privacy interest and has a de minimus public benefit.Additionally, no court ever found that the allegations were true.*

·      Claims worksheet: date, name of claimant, information about attorney, Park Employee name, possibly follow up.**--- USPP will unredact the date claim was filed.** – *USPP will continue to withhold the name of claimant and park employee name. Releasing the name of the park employee who is still employed by the USPP and is a relatively low-ranking law enforcement officer, only negatively impacts the officer's privacy interest and has a de minimus public benefit. Additionally, no court ever found that the allegations were true.*    **USPP will unredact the name of the attorney.**

**Redacted (1), Judgment Fund Voucher, excessive force**

·     name of claimant – *To protect personnel/personal privacy interests of the claimant, USPP will not release claimant's name.*

·     date of loss – *No date of loss is listed on the voucher form.*

**Redacted (1), Memo re Claim, Excessive force**

·     name of attorney – **USPP will unredact.**

·     name of claimant - *To protect personnel/personal privacy interests of the claimant, USPP will not release claimant's name.*

·     federal employee involved *Due to personnel/personal privacy USPP will not release the name of the involved federal employee. The release of their names is clearly an unwarranted invasion of their privacy.*

·     date of incident –*Releasing the date of this incident would expose and compromise the identity of the claimant in the settlement.*

·     description of incident – *USPP did release the description of the incident. The only information that was redacted was (1) information that identified the claimant and that person's privacy interests, and (2) opinions made by the National Park Service claims specialists to the Office of the Solicitor.*

**Redacted (2), Claim**

·     claimant name and date of incident – **USPP will unredact because this is public information.**

·     claimant name and description of incident on SF-95 – **USPP will unredact because this is public information.**

·     name of witnesses of SF-95 -*Releasing the name of the witnesses is clearly an unwarranted invasion of personal privacy.*

**Redacted (2), Jmt Fund**

·     name of claimant - *To protect personnel/personal privacy interests of the claimant, USPP will not release claimant's name.*

**Paul A. Mussenden**

**Assistant United States Attorney**
Civil Division

**U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖥 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

**From:** Deborah Golden <deb.golden@gmail.com>
**Sent:** Friday, March 27, 2020 11:31 AM

**To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>

**Cc:** Dan Marshall <dmarshall@humanrightsdefensecenter.org>

**Subject:** Re: (10-25-2019 Update - Final Agency Response Sent) FW: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

Thanks. That approach makes sense. I think, IIRC, we're on an every-60-day schedule as is. I'll try to be as fast as possible, but I think 60 more days is probably best. I don't know about you, but I'm now a homeschool teacher of a 9 year old and 4 year old in addition to being a lawyer, and it's getting complicated. I just can't be as efficient as normal, if there is any more normal anymore.

Thanks for drafting,

Deb

The Law Office of Deborah M. Golden, PLLC

1415 H Street NE

Washington, DC 20002

202.630.0332

On Fri, Mar 27, 2020 at 11:25 AM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

> Hi – Thanks for reaching out.  I do have a response from the agency that I didn't have a chance to review and finalize until recently given the disruptions last few weeks.   The agency counsel was on paternity leave late last year through the early months of this year and that slowed things down until his return.  I'll get the response out to you today.
>
> If the agency's response was just a simple "no" to producing anything more, I would agree that it's probably time to suggest a briefing schedule in the JSR due Monday. However, the response is fairly detailed so I think it makes sense for purposes of the JSR to give you some time to review it.
>
> As next steps, I'll get you the response today and draft a JSR with a suggested interval for the next JSR.  Once you take a look at the response, you can then let me know what time frame for a next JSR is reasonable in your view.
>
> Let me know if you're Ok with that approach.
>
> **Paul A. Mussenden**
>
> **Assistant United States Attorney**
> Civil Division
>
> **U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖶 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

**From:** Deborah Golden <deb.golden@gmail.com>
**Sent:** Friday, March 27, 2020 10:40 AM
**To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Cc:** Dan Marshall <dmarshall@humanrightsdefensecenter.org>
**Subject:** Re: (10-25-2019 Update - Final Agency Response Sent) FW: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

Paul,

I hope that you are holding up in these strange times.

We have a JSR due Monday, so I'm touching base. The emails below are where, as far as my records show, we last left it -- the agency was reviewing some of the redactions that we questioned, and we were looking for a little clarity on why the Pershing Park settlements weren't included and whether that indicated a more global search issue. Is that your understanding?

I know everything is tough right now, but can you get any sense from the agency about where they are? If there hasn't been any progress in the last 60 days, perhaps we should move to a proposed briefing schedule.

Thanks, and stay well,

Deb

The Law Office of Deborah M. Golden, PLLC

1415 H Street NE

Washington, DC 20002

202.630.0332

On Thu, Nov 14, 2019 at 9:23 AM Deborah Golden <deb.golden@gmail.com> wrote:

Paul,

Thanks, this is good news. If you can also get us some clarity of why the Pershing Park mass arrest settlement was not produced and if that means that there was a source that should have been searched that was missed, that would be helpful.

The JSR looks fine to me and you have my permission to file it whenever you have the time.

Thanks,

Deb

On Wed, Nov 13, 2019 at 7:10 PM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

> Hi Deb:   The agency has agreed to review your request.  I suspect that the parties may need a few iterations to discuss various redactions and/or narrow the redactions at issue before determining whether we have exhausted our efforts to resolve the matter.
>
> I will be in depos when the next JSR is due next week.  For purposes of our report to the Court, let me know if you are agreeable to reporting a bit earlier on the present progress and file a next report in 60 days as required by the last Order issued by the Court.   A draft JSR consistent with this approach is attached.   I can file it this  Friday (11/15) once you agree or proposed any modifications.   Of course, if we can resolve the issues before then, we can always pursue that ahead of the next deadline.
>
> Please advise.
>
> **Paul A. Mussenden**
>
> **Assistant United States Attorney**
> Civil Division
>
> **U.S. Attorney's Office for the District of Columbia**
>
> 501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
> ☎ 202-252-7874|💻 202-957-3623| ✉ Paul.Mussenden@usdoj.gov
>
> **From:** Deborah Golden <deb.golden@gmail.com>
> **Sent:** Monday, November 11, 2019 3:00 PM
> **To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
> **Subject:** Re: (10-25-2019 Update - Final Agency Response Sent) FW: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines
>
> Paul,
>
> Please see the attached list of concerning redactions. Based on the information provided, I don't see these redactionspassing muster under *PLN v. Samuels* and *AILA v. EOIR*.. Happy to jump on a m&c call if you'd like.
>
> Thanks,
>
> Deb
>
> On Fri, Nov 8, 2019 at 11:57 AM Deborah Golden <deb.golden@gmail.com> wrote:
>
>> Thanks, Paul. I will get this to you no later than the end of next week.

-Deb

On Thu, Nov 7, 2019 at 5:33 PM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

Hi Deb:  Thanks for this feedback.  I will share this with the agency.  For efficiency, I think your proposal to review the redactions and notify USPS as to the ones you believe should be un-redacted is the best way to proceed.  That way the agency can focus their time and make discretionary calls on the redactions that are most problematic.

Let me know how soon you believe you would be able to do so.

Thanks again,

-Paul

Paul A. Mussenden

**Assistant United States Attorney**
Civil Division

**U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖨 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

**From:** Deborah Golden <deb.golden@gmail.com>
**Sent:** Wednesday, November 6, 2019 4:07 PM
**To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Subject:** Re: (10-25-2019 Update - Final Agency Response Sent) FW: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

Paul,

Thanks. HRDC has received and reviewed all the documents produced. There are concerns as to the search and the scope of the redactions.

First as to the scope, as a long-time DC resident, I was surprised not to see the settlement relating to the Pershing Park arrests, as described here: https://www.washingtonpost.com/local/crime/in-settlement-us-park-police-

agree-to-change-arrest-policies-in-protests/2015/06/22/20b0080a-15f3-11e5-9ddc-e3353542100c_story.html. The lack of this settlement per se isn't a problem, as it's widely available. But HRDC is concerned that perhaps some obvious source wasn't searched for responsive documents. Can you shed any light?

Second, HRDC has concerns about the extensive redactions. HRDC (back when it was known as Prison Legal News, also the name of the organization's flagship publication) has litigated this issue in the DC Circuit. *Prison Legal News v. Samuels*, 787 F.3d 1142 (D.C. Cir. 2015). At issue there was a request for verdicts and settlements from the BOP, and the Court ruled that categorical redactions of all identifying information in claims violated FOIA. The Circuit reiterated that each individual redaction should be considered for the privacy concerns implicated in *Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 675 (D.C. Cir. 2016).

I see two ways to proceed. The USPP can take another pass at the redactions. Or we can review the redactions and notify you as to the ones we believe should be un-redacted. Let me know what you think.

I'm also happy to schedule a meet and confer phone call. My schedule is relatively open, except for the morning next Wednesday, 11/13.

Thanks,

Deb

On Fri, Oct 25, 2019 at 11:30 AM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

> Good morning Deb:  Per the attached letter, I was advised yesterday by the agency counsel that the agency's final response and release of records was sent to HRDC.    Please let me know when we can meet and confer regarding whether HRDC considers the FOIA request satisfied.
>
> Thanks and have a good weekend,
>
> -Paul
>
> **Paul A. Mussenden**
>
> **Assistant United States Attorney**
> Civil Division
>
> **U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖥 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

---

**From:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Sent:** Monday, October 7, 2019 6:08 PM
**To:** Deborah Golden <deb.golden@gmail.com>
**Subject:** RE: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN
RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines


Sorry Deb – Just getting back to my computer.  Looks like we're all set.   Thanks!


**Paul A. Mussenden**

**Assistant United States Attorney**
Civil Division

U.S. Attorney's Office for **the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖥 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov


**From:** Deborah Golden <deb.golden@gmail.com>
**Sent:** Monday, October 7, 2019 5:28 PM
**To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Subject:** Re: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN
RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines


Paul,


Ignore that. I was able to file after some more clicking around and fighting with the new website. You
should have the confirmation email.


Thanks,

Deb


On Mon, Oct 7, 2019 at 5:00 PM Deborah Golden <deb.golden@gmail.com> wrote:

> On the off chance you are still in the office, are you able to file? For unknown reasons, the new Next
> Gen ECF isn't letting me e-file. If you can't, I will fight with it later this evening, and if necessary, take
> full blame with the court for getting this filed a day late.


On Mon, Oct 7, 2019 at 3:29 PM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

> Sounds good.  Thanks for filing Deb.

**From:** Deborah Golden <deb.golden@gmail.com>
**Sent:** Monday, October 7, 2019 1:17 PM
**To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Cc:** Sabarish Neelakanta <sneelakanta@humanrightsdefensecenter.org>
**Subject:** Re: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

I will update my address, which changed, and other than that, we're in complete agreement. I will get it filed today. Thank you for drafting it.

-Deb

On Mon, Oct 7, 2019 at 11:03 AM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

No problem.  Thanks for confirming.   If you only have minor to no changes, it's fine to go ahead and file.  Just let me know.  If it's easier to just discuss briefly – I can be reached today on 202-957-3623.

**From:** Deborah Golden <deb.golden@gmail.com>
**Sent:** Monday, October 7, 2019 10:48 AM
**To:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Cc:** Sabarish Neelakanta <sneelakanta@humanrightsdefensecenter.org>
**Subject:** Re: Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

Yes, I will get back to you by early afternoon. Sorry, Paul.

On Mon, Oct 7, 2019, 10:40 AM Mussenden, Paul (USADC) <Paul.Mussenden@usdoj.gov> wrote:

Good morning – I'm just following up to make sure I have made contact and you received this.   No problem if you're still considering it, just want to make sure we're in contact given today's deadline.

Thanks much,

-Paul

**Paul A. Mussenden**

**Assistant United States Attorney**
Civil Division

**U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖨 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

---

**From:** Mussenden, Paul (USADC) <PMussenden@usa.doj.gov>
**Sent:** Sunday, October 6, 2019 4:28 PM
**To:** Sabarish Neelakanta <sneelakanta@humanrightsdefensecenter.org>;
deb.golden@gmail.com
**Subject:** Draft JSR for Filing Tomorrow (10/7) RE: Activity in Case 1:19-cv-01502-TSC
HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

Dear Sabarish and Deb:  Per the below ECF notice, the parties' deadline for filing the JSR is upon us tomorrow.  I prepared the attached for your review and clearance.  Given the timing, it's in "final" form from our standpoint.   FYI and consideration, I incorporated the latest information I learned from the agency in terms of status and target dates for next steps.

If this is agreeable, I would appreciate if you could file this tomorrow.  If that's a problem, or if you believe you will have significant changes, please advise.   We should aim to resolve by noon as any significant changes would have to be reviewed by the agency and internally in this office before filing.

Thanks,

-Paul

Paul A. Mussenden

**Assistant United States Attorney**
Civil Division

**U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖨 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

**From:** DCD_ECFNotice@dcd.uscourts.gov <DCD_ECFNotice@dcd.uscourts.gov>
**Sent:** Friday, September 6, 2019 4:10 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of Columbia

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2019 at 4:09 PM and filed on 9/6/2019

**Case Name:**        HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE

**Case Number:**        1:19-cv-01502-TSC

**Filer:**

**Document Number:** No document attached

**Docket Text:**
**Set/Reset Deadlines: Joint Status Report due by 10/7/2019. (tb)**

**1:19-cv-01502-TSC Notice has been electronically mailed to:**

Paul A. Mussenden        Paul.Mussenden@usdoj.gov, pm007@starpower.net

Deborah Maxine Golden        deb.golden@gmail.com

**1:19-cv-01502-TSC Notice will be delivered by other means to::**

---

**4 attachments**

**DOJ motion and memo for partial summary judgment and reconsider qualified immunity (DDC filed 1.10.15) (1022).pdf**
232K

**settlement agreement.signed.filed.pdf**
271K

**settlement.papers.filed.5.10.15.pdf**
9546K

**JSR#4 HRDCvUSPP (PMDGFinal 30MAR2020).docx**
24K

---

**Deborah Golden** <deb.golden@gmail.com>                                                                Sun, Mar 29, 2020 at 9:07 PM
To: "Mussenden, Paul (USADC)" <Paul.Mussenden@usdoj.gov>
Cc: Dan Marshall <dmarshall@humanrightsdefensecenter.org>

Thanks, Paul. You have my permission to file the JSR and we will review this response as quickly as possible.

Stay safe,
Deb

The Law Office of Deborah M. Golden, PLLC
1415 H Street NE
Washington, DC 20002
202.630.0332

[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

Dear Sabarish and Deb:  Per the below ECF notice, the parties' deadline for filing the JSR is upon us tomorrow.  I prepared the attached for your review and clearance.  Given the timing, it's in "final" form from our standpoint.   FYI and consideration, I incorporated the latest information I learned from the agency in terms of status and target dates for next steps.

If this is agreeable, I would appreciate if you could file this tomorrow.  If that's a problem, or if you believe you will have significant changes, please advise.   We should aim to resolve by noon as any significant changes would have to be reviewed by the agency and internally in this office before filing.

Thanks,

-Paul

**Paul A. Mussenden**

**Assistant United States Attorney**
Civil Division

**U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874| 🖨 202-957-3623| ✉ Paul.Mussenden@usdoj.gov


**From:** DCD_ECFNotice@dcd.uscourts.gov <DCD_ECFNotice@dcd.uscourts.gov>
**Sent:** Friday, September 6, 2019 4:10 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2019 at 4:09 PM and filed on 9/6/2019

**Case Name:**  HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE

**Case Number:**  1:19-cv-01502-TSC

**Filer:**

**Document Number:** No document attached

**Docket Text:**
**Set/Reset Deadlines: Joint Status Report due by 10/7/2019. (tb)**

**1:19-cv-01502-TSC Notice has been electronically mailed to:**

Paul A. Mussenden     Paul.Mussenden@usdoj.gov, pm007@starpower.net

Deborah Maxine Golden     deb.golden@gmail.com

**1:19-cv-01502-TSC Notice will be delivered by other means to::**

**Deborah Golden** <deb.golden@gmail.com>                              Tue, Apr 14, 2020 at 4:37 PM
To: Michelle Dillon <mdillon@prisonlegalnews.org>

I don't think I ever forwarded this to you with the  three attached settlement papers, all from the same incident. For context, the "Pershing Park arrests" were an unconstitutional mass arrest during a protest, and anyone who was in DC back then certainly remembers, which is why everyone just refers to it like that. It was huge news for a while.


The Law Office of Deborah M. Golden, PLLC
1415 H Street NE
Washington, DC 20002
202.630.0332


[Quoted text hidden]
[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]
[Quoted text hidden]

[Quoted text hidden]

Dear Sabarish and Deb:  Per the below ECF notice, the parties' deadline for filing the JSR is upon us tomorrow.  I prepared the attached for your review and clearance.  Given the timing, it's in "final" form from our standpoint.   FYI and consideration, I incorporated the latest information I learned from the agency in terms of status and target dates for next steps.


If this is agreeable, I would appreciate if you could file this tomorrow.  If that's a problem, or if you believe you will have significant changes, please advise.   We should aim to resolve by noon as any significant changes would have to be reviewed by the agency and internally in this office before filing.


Thanks,

-Paul

Paul A. Mussenden

**Assistant United States Attorney**
Civil Division

**U.S. Attorney's Office for the District of Columbia**

501 3rd Street, NW | 4th Floor | Washington, D.C. 20530
☎ 202-252-7874 | 🖥 202-957-3623 | ✉ Paul.Mussenden@usdoj.gov

**From:** DCD_ECFNotice@dcd.uscourts.gov <DCD_ECFNotice@dcd.uscourts.gov>
**Sent:** Friday, September 6, 2019 4:10 PM
**To:** DCD_ECFNotice@dcd.uscourts.gov
**Subject:** Activity in Case 1:19-cv-01502-TSC HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE Set/Reset Deadlines

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 9/6/2019 at 4:09 PM and filed on 9/6/2019

| | |
|---|---|
| **Case Name:** | HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE |
| **Case Number:** | 1:19-cv-01502-TSC |
| **Filer:** | |
| **Document Number:** | No document attached |

[Quoted text hidden]

---

**4 attachments**

📄 **DOJ motion and memo for partial summary judgment and reconsider qualified immunity (DDC filed 1.10.15) (1022).pdf**
232K

📄 **settlement agreement.signed.filed.pdf**
271K

📄 **settlement.papers.filed.5.10.15.pdf**
9546K

**JSR#4 HRDCvUSPP (PMDGFinal 30MAR2020).docx**
24K