UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER,

*Plaintiff*,

v.                                                                          Civil Action No. 19-01502 (TSC)

UNITED STATES PARK POLICE,

*Defendant*.

**DEFENDANT'S REPLY IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO
PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

Defendant United States Park Police ("Park Police" or "Defendant") respectfully submits this reply in further support of its motion for summary judgment and in opposition to Plaintiff's cross-motion for summary judgment. The Park Police refers the Court to the previously filed Statement of Material Facts (ECF No. 23-2), the Declaration of Janeen C. Tyler (ECF No. 23-3), and the *Vaughn* Index (ECF No. 23-8), which identifies the three remaining claims and documents at issue and provides a full description of the reasons for the application of Exemption 6.

Plaintiff Human Rights Defense Center commenced this Freedom of Information Act ("FOIA") action seeking the release of documents concerning litigation against the Park Police. Plaintiff initially requested records of all claims or lawsuits in which payments totaling $1,000 or more were disbursed from January 1, 2010 to the present, including the names of all parties involved, case or claim number, jurisdiction where claim was brought, date of resolution, and the amount of any settlement and to whom paid. (*See* Complaint, ECF No. 1).

The parties have cooperated and the issues before the Court have been significantly narrowed. Plaintiff is no longer challenging redactions related to EEO claims and is only

challenging the redactions of the identities of claimants and the Park Police tortfeasors in three tort

claims pursuant to Exemption 6 (Plaintiff's opposition, ECF No. 25, p.2).  The three tort claims at

issue are: TPB-18-0367 (document no. 15 on the *Vaughn* Index)[1]; Tort Ortho (document no. 16

on the Vaughn Index); and Tort Taxicab (document no. 17 on the *Vaughn* Index).[2]  All other

information requested by the Plaintiff concerning these tort claims has been produced, i.e, the rank

of the officers involved, the dates, the nature of each claim, and the settlement amounts.[3]

The Park Police has properly applied FOIA Exemption 6 to withhold the names of the

Federal Tort Claims Act ("FTCA") claimants, as well as the names of the low-ranking officers of

the Park Police involved in the three tort claims.  The Park Police respectfully submits that no

genuine issues of material fact exist and summary judgment should be granted as the Park Police

has produced all documents and information responsive under FOIA, and all information withheld

is exempted under the statute.

## STATEMENT OF FACTS

With respect to the FTCA claims in documents 15-17, the Park Police has differentiated

each claim and tortfeasor.  Document 15 involves a claim of excessive force against low ranking

Park Police officers, and there has never been a finding that the allegations were true.  The names

of a Park Police sergeant and officer involved have been redacted, but their ranks have been

---

[1]     There is also the inadvertent release of the claimant's name regarding this claim, which the Park Police requests be destroyed, redacted, or not released by Plaintiff, as well as the inadvertently released identity of an EEO claimant in *Vaughn* document no. 7.

[2]     Park Police agrees to release to Plaintiff *Vaughn* document no. 17 with the claimant's name unredacted.

[3]     All three tort claims are relatively minor and settled for $17,500, $13,500, and $15,000 respectively.  *See* Plaintiff's opposition, ECF No. 25, at p.2.  Also, the allegations against the low-ranking Park Police officers involved in each claim were never proven.  *See* Decl. of Janeen Tyler, ECF No. 23-3, ¶ 23.

provided, along with all other relevant information concerning the claim.  The name of a low-ranking Park Police officer, a detective, was redacted from document 16.  The rank has been provided, along with other relevant information concerning the claim.  Finally, with respect to document 17, the rank of the low-level Park Police officer was provided, along with all other information.  *Vaughn* Index; Tyler Decl. ¶¶ 20, 23-24.  Furthermore, Park Police will be providing Plaintiff with a copy of this document with the claimant's name unredacted.

The Park Police redacted the names of the above two claimants and four tortfeasors for obvious privacy reasons.  The Park Police carefully examined the documents and determined the information withheld from plaintiff, if disclosed, would cause an unwarranted invasion of personal privacy, or could reasonably be expected to constitute an unwarranted invasion of personal privacy.  Tyler Decl. ¶¶ 25-27.

## ARGUMENT

In its opposition and cross-motion, Plaintiff has failed to demonstrate that there is a public interest that outweighs the privacy interest of these individual in their identities.  Accordingly, the Court should award summary judgment to the Park Police and deny Plaintiff's cross-motion.

**A.      Exemption 6 Exempts Information From Disclosure Where Privacy Interests Outweigh Public Interest in Disclosure**

The Park Police correctly balanced claimants' and tortfeasors' privacy interests against the public interest and properly withheld their names.

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b) (6).   The term "similar files" is broadly construed and includes "Government records on an individual which can be identified as applying to that individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *Lepelletier v. FDIC*, 164

3

F.3d 37, 47 (D.C. Cir. 1999).  In assessing the applicability of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier*, 164 F.3d at 46. "[T]he only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would she[d] light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* at 47 (quotation marks omitted and alterations in original).  "Information that 'reveals little or nothing about an agency's own conduct' does not further the statutory purpose." *Beck v. Dep't of Just.*, 997 F.2d 1489, 1492 (D.C. Cir. 1993).

Importantly, "[t]he privacy interest at stake belongs to the individual, not the agency." *Amuso v. Dep't of Just.*, 600 F. Supp. 2d 78, 93 (D.D.C. 2009); *accord Dep't of Just. v. Reporters Comm.*, 489 U.S.749 763-65 (1989).  And "the concept of personal privacy . . . is not some limited or 'cramped notion' of that idea," *NARA v. Favish*, 541 U.S. 157, 165–70 (2004) (construing analogous Exemption 7(C)), but rather is grounded in "both the common law and the literal understandings of privacy [that] encompass the individual's control of information concerning his or her person." *Reporters Comm.*, 489 U.S. at 763.  "Even seemingly innocuous information can be enough to trigger the protections of Exemption 6." *Horowitz v. Peace Corps*, 428 F.3d 271, 279 (D.C. Cir. 2005).  An individual's privacy interest "is not limited to [personal information] of an embarrassing or intimate nature." *People for the Am. Way Found. v. Nat'l Park Serv.*, 503 F. Supp. 2d 284, 304 (D.D.C. 2007); *accord Appleton v. FDA*, 451 F. Supp. 2d 129, 145 (D.D.C. 2006).  Under Exemption 6, any personal privacy interest greater than *de minimis* is considered to be "substantial." *Consumers' Checkbook Ctr. for the Study of Servs. v. Dep't of Health & Human Servs.*, 554 F.3d 1046, 1050 (D.C. Cir. 2009).

Here, only the names of two remaining tort claimants (in *Vaughn* Index documents Nos. 15 and 16) and four tortfeasors (in *Vaughn* Index documents Nos. 15-17) have been redacted by the Park Police.  Nothing more is at issue.  This information sought by Plaintiff amounts to an unwarranted invasion of privacy as these unsuspecting individuals could be subject to embarrassment, harassment and undue public attention should this information be disclosed.  The Park Police balanced the privacy interests of the individuals against the public interest in shedding light on what the Park Police is up to and determined that the minimal redactions warranted protection under Exemption 6.  At bottom, there can be no claim by Plaintiff that the disclosure of this information would provide the public with a greater understanding of "what the government is up to" in order to mount a challenge to such minor withholdings under Exemption 6, and the minor redactions are protected under FOIA.  *See Fed. Labor Relations Auth. v. Dep't of Navy,* 941 F.2d 49, 57 (1st Cir. 1991) (where the information does not relate to what the government is up to, a non-zero interest in privacy at stake cannot be outweighed by a public interest that falls outside FOIA's purpose); *Stalcup v. CIA,* 768 F.3d 65, 74 (1st Cir. 2014) (names of third party witnesses properly withheld).

The two tort claimants certainly have a privacy interest in not having their claims of assault publicized.  Likewise, four low ranking Park Police officers have a privacy interest in not having unproven and insubstantial claims of assault disseminated.  The question is whether there is a countervailing public interest sufficient to overcome their privacy interests. *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 601 (1985). The burden of establishing that disclosure would serve the public interest is on Plaintiff. *See, e.g., Carter v. Dep't of Com.*, 830 F.2d 388, 391 n.13 (D.C. Cir. 1987); *accord Associated Press v. Dep't of Def.*, 549 F.3d 62, 66 (2d Cir. 2008); *Salas v. Off. of the Inspector Gen.*, 577 F. Supp. 2d 105, 112 (D.D.C. 2008) ("It is the requester's obligation to

articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant." (citing *Favish*, 541 U.S at 172)).

That is a burden Plaintiff cannot satisfy in this case.  Plaintiff cannot show that the public has an interest in knowing the specific identities of people who claim to have been assaulted and their alleged assaulters.  Particularly here where the settlements are relatively small, no allegations have been proven, and all other information related to the claims has been provided.

**B.**     **The Park Police should be allowed to Claw Back Inadvertently Released Information**

The Park Police inadvertently released two claimants' names, one in *Vaughn* Index document no. 7, an EEO claim, and one in a tort claim, *Vaughn* Index document no. 15.  In Exhibit A to Mr. Wright's declaration, Park Police clearly states in its March 27, 2020 email regarding *Vaughn* Index document no. 7, NPS-15-0643, that "claimant's name may have been inadvertently released" and "[u]nder the Privacy Act of 1972 and FOIA Exemptions 6 and 7(c), the name should be treated as redacted.  We ask that you destroy any copy referencing the claimant and not disseminate or attempt to contact the person."  *See* ECF No. 25-3, p.4.  As further demonstrated in Janeen Tyler's Declaration, the names were inadvertently released and, pursuant to Federal Rule of Evidence 502(b), this information should not be disclosed to the public. As discussed above, the identities of these two individuals is a privacy interest which they hold, and it is requested that Plaintiff return, redact, or destroy these records, and otherwise refrain from using or disclosing the names of the two claimants.  Moreover, this request will not cause Plaintiff any harm as Plaintiff has all the other information requested concerning the claims made by them.

\*     \*     \*

6

**CONCLUSION**

Based on the foregoing, and the previously filed Memorandum, Statement of Facts,

Declaration of Janeen C. Tyler, and *Vaughn* Index, summary judgment should be granted in favor

of the Park Police, and the inadvertent release of two claimants' names to Plaintiff should not be

disclosed.

Dated:  June 25, 2021                                  Respectfully submitted,

                                                CHANNING D. PHILLIPS
                                                D.C. Bar No. 415793
                                                Acting United States Attorney

                                                BRIAN P. HUDAK
                                                Acting Chief, Civil Division

                                                /s/Thomas W. Duffey/s/
                                                THOMAS W. DUFFEY
                                                Assistant United States Attorney
                                                Civil Division
                                                555 4th Street, N.W.
                                                Washington, D.C. 20530
                                                (202) 252-2510
                                                Thomas.Duffey@usdoj.gov

                                                Counsel for Defendant