APPEAL,CLOSED,TYPE I–FOIA

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:19–cv–01502–TSC
## Internal Use Only

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER v. PARK POLICE<br>Assigned to: Judge Tanya S. Chutkan<br>Cause: 05:552 Freedom of Information Act | Date Filed: 05/23/2019<br>Date Terminated: 08/29/2023<br>Jury Demand: None<br>Nature of Suit: 895 Freedom of Information Act<br>Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**HUMAN RIGHTS DEFENSE CENTER**  represented by  **Deborah Maxine Golden**
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Avenue, SE
2nd Floor
Washington, DC 20003
(202) 630–0332
Email: dgolden@debgoldenlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel Lucas Marshall**
HUMAN RIGHTS DEFENSE CENTER
P.O. Box 1151
Lake Worth, FL 33460
561–319–1527
Email: dmarshall@hrdc–law.org
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES PARK POLICE**  represented by  **Thomas Duffey**
U.S. ATTORNEY'S OFFICE
555 4th Street, NW
Washington, DC 20530
(202) 252–2510
Email: thomas.duffey@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Paul A. Mussenden**
888 First Street, NE
Washington, DC 20426
202–502–8446

Email: Paul.Mussenden@ferc.gov
*TERMINATED: 12/20/2020*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/23/2019 | 1 | COMPLAINT against PARK POLICE ( Filing fee $ 400 receipt number 0090–6141831) filed by HUMAN RIGHTS DEFENSE CENTER. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons)(Golden, Deborah) (Attachment 1 replaced on 5/23/2019) (zef, ). (Entered: 05/23/2019) |
| 05/23/2019 | | Case Assigned to Judge Tanya S. Chutkan. (zef, ) (Entered: 05/23/2019) |
| 05/23/2019 | 2 | SUMMONS (3) Issued Electronically as to UNITED STATES PARK POLICE, U.S. Attorney and U.S. Attorney General. (Attachments: # 1 Notice and Consent)(zef, ) (Entered: 05/23/2019) |
| 06/20/2019 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 5/24/2019. Answer due for ALL FEDERAL DEFENDANTS by 6/23/2019. (Golden, Deborah) Modified dates on 6/21/2019 (ztd). (Entered: 06/20/2019) |
| 06/20/2019 | 4 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 05/24/2019. (Golden, Deborah) Modified date served on 6/21/2019 (ztd). (Entered: 06/20/2019) |
| 06/20/2019 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES PARK POLICE served on 5/29/2019 (Golden, Deborah) Modified date served on 6/21/2019 (ztd). (Entered: 06/20/2019) |
| 06/21/2019 | | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 5/24/2019. Answer due for ALL FEDERAL DEFENDANTS by 6/23/2019. (ztd) Modified to add (SEE DOCKET ENTRY NO. 3 TO VIEW.) on 6/25/2019 (ztd). (Entered: 06/21/2019) |
| 06/24/2019 | 6 | NOTICE of Appearance by Paul A. Mussenden on behalf of UNITED STATES PARK POLICE (Mussenden, Paul) (Entered: 06/24/2019) |
| 06/24/2019 | 7 | Consent MOTION for Extension of Time to File Answer re 1 Complaint, by UNITED STATES PARK POLICE (Attachments: # 1 Text of Proposed Order)(Mussenden, Paul) (Entered: 06/24/2019) |
| 06/27/2019 | | MINUTE ORDER: Granting 7 Motion for Extension of Time to Answer. Defendant shall answer or otherwise respond to the Complaint by August 15, 2019. Signed by Judge Tanya S. Chutkan on 6/27/19. (DJS) (Entered: 06/27/2019) |
| 06/28/2019 | | Set/Reset Deadlines: Defendant shall answer or otherwise respond to the Complaint by 8/15/2019. (jth) (Entered: 06/28/2019) |
| 08/13/2019 | 8 | Second MOTION for Extension of Time to File Answer re 1 Complaint, *(Consent)* by UNITED STATES PARK POLICE (Attachments: # 1 Text of Proposed Order)(Mussenden, Paul) (Entered: 08/13/2019) |
| 08/14/2019 | | MINUTE ORDER: Defendant's Motion for an Extension of Time to Answer 8 is granted. Defendant shall file an Answer, or otherwise respond to the Complaint, or propose a joint scheduling order for further proceedings in this case, by no later than |

| | | |
|---|---|---|
| | | September 5, 2019. Signed by Judge Tanya S. Chutkan on 8/14/2019. (lctsc3) (Entered: 08/14/2019) |
| 08/14/2019 | | Set/Reset Deadlines: Answer due by 9/5/2019. (tb) (Entered: 08/14/2019) |
| 09/05/2019 | 9 | ANSWER to Complaint by UNITED STATES PARK POLICE.(Mussenden, Paul) (Entered: 09/05/2019) |
| 09/05/2019 | | MINUTE ORDER: Before the Court in this FOIA case are a complaint and an answer. The requirements of LCvR 16.3 and Rule 26(f) of the Federal Rules of Civil procedure appear to be inapplicable. IT IS HEREBY ORDERED that the parties shall meet and confer and propose a schedule for proceeding in this matter. The schedule shall address the status of Plaintiff's FOIA request, the anticipated number of documents responsive to Plaintiff's FOIA request, the anticipated date(s) for release of the documents requested by Plaintiff, whether a motion for an Open America stay is likely in this case, whether a Vaughn index will be required in this case, whether and when either party anticipates filing a dispositive motion, and any other pertinent issues. The parties shall file a joint status report that addresses these issues no later than 10/7/19. The joint status report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 9/5/19. (DJS) (Entered: 09/05/2019) |
| 09/06/2019 | | Set/Reset Deadlines: Joint Status Report due by 10/7/2019. (tb) (Entered: 09/06/2019) |
| 09/26/2019 | 10 | NOTICE of Change of Address by Deborah Maxine Golden (Golden, Deborah) (Entered: 09/26/2019) |
| 10/07/2019 | 11 | Joint STATUS REPORT by HUMAN RIGHTS DEFENSE CENTER. (Golden, Deborah) (Entered: 10/07/2019) |
| 10/18/2019 | | MINUTE ORDER: Having considered the parties' joint status report 11 , it is hereby ordered that the parties shall file another joint report by November 21, 2019 and every 60 days thereafter. To the extent the report contains a proposed briefing schedule, the report shall be accompanied by a proposed order. Signed by Judge Tanya S. Chutkan on 10/18/19. (DJS) (Entered: 10/18/2019) |
| 10/21/2019 | | Set/Reset Deadlines: Joint Status Report due by 11/21/2019. (tb) (Entered: 10/21/2019) |
| 11/15/2019 | 12 | Joint STATUS REPORT by UNITED STATES PARK POLICE. (Mussenden, Paul) (Entered: 11/15/2019) |
| 12/18/2019 | 13 | NOTICE of Appearance by Daniel Lucas Marshall on behalf of HUMAN RIGHTS DEFENSE CENTER (Marshall, Daniel) (Entered: 12/18/2019) |
| 01/28/2020 | 14 | Joint STATUS REPORT by UNITED STATES PARK POLICE. (Mussenden, Paul) (Entered: 01/28/2020) |
| 03/30/2020 | 15 | Joint STATUS REPORT by UNITED STATES PARK POLICE. (Mussenden, Paul) (Entered: 03/30/2020) |
| 05/29/2020 | 16 | Joint STATUS REPORT by HUMAN RIGHTS DEFENSE CENTER. (Golden, Deborah) (Entered: 05/29/2020) |
| 07/29/2020 | 17 | Joint STATUS REPORT by UNITED STATES PARK POLICE. (Mussenden, Paul) (Entered: 07/29/2020) |
| 09/28/2020 | 18 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by UNITED STATES PARK POLICE. (Attachments: # 1 Text of Proposed Order)(Mussenden, Paul) (Entered: 09/28/2020) |
| 09/30/2020 | | MINUTE ORDER: Having considered the parties' joint status report 18 , it is hereby ordered that the parties shall adhere to the following deadlines. Defendant's Motion for Summary Judgment due 12/4/20. Plaintiffs Combined Opposition/Cross Motion due 1/8/21. Defendant's Combined Reply/Opposition due 1/29/21. Plaintiffs Reply due 2/19/21. Signed by Judge Tanya S. Chutkan on 9/30/2020. (DJS) (Entered: 09/30/2020) |
| 10/01/2020 | | Set/Reset Deadlines: Cross Motion due by 1/8/2021. Response to Cross Motion due by 1/29/2021. Reply to Cross Motion due by 2/9/2021. Summary Judgment motion due by 12/4/2020. Response to Motion for Summary Judgment due by 1/8/2021. Reply to Motion for Summary Judgment due by 1/29/2021. (tb) (Entered: 10/01/2020) |
| 12/03/2020 | 19 | Consent MOTION for Extension of Time to File *Motion for Summary Judgment and Corresponding Briefing* by UNITED STATES PARK POLICE (Attachments: # 1 Text of Proposed Order)(Mussenden, Paul) (Entered: 12/03/2020) |
| 12/04/2020 | | MINUTE ORDER: Granting Unopposed 19 Motion for Extension of Deadlines. Defendant's Motion for Summary Judgment due 12/4/20. Plaintiff's Combined Opposition/Cross Motion for Summary Judgment due 1/8/21. Defendant's Combined Reply/Opposition due 1/29/21. Plaintiff's Reply due 2/19/21. Signed by Judge Tanya S. Chutkan on 12/4/2020. (DJS) (Entered: 12/04/2020) |
| 12/04/2020 | | AMENDED MINUTE ORDER: Granting Unopposed 19 Motion for Extension of Deadlines. Defendant's Motion for Summary Judgment due 1/29/21. Plaintiff's Combined Opposition/Cross Motion for Summary Judgment due 3/5/2021. Defendant's Combined Reply/Opposition due 4/5/21. Plaintiff's Reply due 4/26/21. Signed by Judge Tanya S. Chutkan on 12/4/2020. (DJS) (Entered: 12/04/2020) |
| 12/07/2020 | | ENTERED IN ERROR....Set/Reset Deadlines: Cross Motion due by 1/8/2021. Response to Cross Motion due by 1/29/2021. Reply to Cross Motion due by 2/19/2021. Summary Judgment motion due by 12/4/2020. Response to Motion for Summary Judgment due by 1/8/2021. Reply to Motion for Summary Judgment due by 1/29/2021. (tb) Modified on 12/7/2020 (tb). (Entered: 12/07/2020) |
| 12/07/2020 | | NOTICE OF CORRECTED DOCKET ENTRY: re Set/Reset Deadlines will be corrected. Current deadlines were entered in error and counsel is instructed to disregard. (tb) (Entered: 12/07/2020) |
| 12/07/2020 | | Set/Reset Deadlines: Cross Motion due by 3/5/2021. Response to Cross Motion due by 4/5/2021. Reply to Cross Motion due by 4/26/2021. Summary Judgment motion due by 1/29/2021. Response to Motion for Summary Judgment due by 3/5/2021. Reply to Motion for Summary Judgment due by 4/5/2021. (tb) (Entered: 12/07/2020) |
| 12/20/2020 | 20 | NOTICE OF SUBSTITUTION OF COUNSEL by Thomas Duffey on behalf of All Defendants Substituting for attorney Paul A. Mussenden (Duffey, Thomas) (Entered: 12/20/2020) |
| 01/28/2021 | 21 | Consent MOTION for Extension of Time to File *Motion for Summary Judgment* by UNITED STATES PARK POLICE. (Duffey, Thomas) (Entered: 01/28/2021) |
| 01/28/2021 | | MINUTE ORDER: Granting Consent 21 Motion for Extension of Deadlines. Defendant's Motion for Summary Judgment due 2/26/21. Signed by Judge Tanya S. Chutkan on 1/28/21. (DJS) (Entered: 01/28/2021) |

| | | |
|---|---|---|
| 02/01/2021 | | Set/Reset Deadlines: Defendant's Summary Judgment motions due by 2/26/2021. (tb) (Entered: 02/01/2021) |
| 02/25/2021 | 22 | Consent MOTION for Extension of Time to *File Summary Judgment* by UNITED STATES PARK POLICE. (Duffey, Thomas) Modified event on 2/26/2021 (ztd). (Entered: 02/25/2021) |
| 02/26/2021 | | MINUTE ORDER: Granting Consent 22 Motion for Extension of Deadlines. Defendant shall file a Motion for Summary Judgment by 3/26/21. Plaintiff shall file a response and, if necessary, a combined cross motion by 4/26/21. Defendant shall file the combined reply/response by 5/26/2021. Plaintiff shall file the reply by 6/18/21. Signed by Judge Tanya S. Chutkan on 2/26/21. (DJS) Modified on 2/26/2021 (tb). (Entered: 02/26/2021) |
| 02/26/2021 | | Set/Reset Deadlines: Cross Motion due by 4/26/2021. Response to Cross Motion due by 5/26/2021. Reply to Cross Motion due by 6/18/2021. Summary Judgment motion due by 3/26/2021. Response to Motion for Summary Judgment due by 4/26/2021. Reply to Motion for Summary Judgment due by 5/26/2021. (tb) (Entered: 02/26/2021) |
| 03/26/2021 | 23 | MOTION for Summary Judgment by UNITED STATES PARK POLICE. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of Janeen C. Tyler, # 4 Exhibit A to Declaration, # 5 Exhibit B to Declaration, # 6 Exhibit C to Declaration, # 7 Exhibit D to Declaration, # 8 Exhibit E to Declaration. Vaughn Index, # 9 Exhibit F to Declaration, # 10 Exhibit G to Declaration, # 11 Text of Proposed Order)(Duffey, Thomas) (Entered: 03/26/2021) |
| 04/26/2021 | 24 | Memorandum in opposition to re 23 MOTION for Summary Judgment filed by HUMAN RIGHTS DEFENSE CENTER. (Attachments: # 1 Statement of Facts, # 2 Affidavit of Paul Wright, # 3 Exhibit A to Wright Decl., # 4 Exhibit B to Wright Decl., # 5 Text of Proposed Order)(Golden, Deborah) (Entered: 04/26/2021) |
| 04/26/2021 | 25 | Cross MOTION for Summary Judgment by HUMAN RIGHTS DEFENSE CENTER. (Attachments: # 1 Statement of Facts, # 2 Affidavit of Paul Wright, # 3 Exhibit A to Wright Decl., # 4 Exhibit B to Wright Decl., # 5 Text of Proposed Order)(Golden, Deborah) (Entered: 04/26/2021) |
| 05/24/2021 | 26 | Consent MOTION for Extension of Time to File *Opposition/reply to Cross−motion for summary judgment* by UNITED STATES PARK POLICE. (Duffey, Thomas) (Entered: 05/24/2021) |
| 05/25/2021 | | MINUTE ORDER: Granting 26 Motion for Extension of Deadlines. Defendant shall file an opposition and reply to Plaintiff's Cross−Motion for Summary Judgment on or before 6/25/21, and Plaintiff shall file a reply by 7/23/21. Signed by Judge Tanya S. Chutkan on 5/25/21. (DJS) (Entered: 05/25/2021) |
| 05/26/2021 | | Set/Reset Deadlines: Cross Motion due by 6/25/2021. Reply to Cross Motion due by 7/23/2021. (tb) (Entered: 05/26/2021) |
| 06/25/2021 | 27 | Memorandum in opposition to re 25 Cross MOTION for Summary Judgment filed by UNITED STATES PARK POLICE. (Attachments: # 1 Statement of Facts Reply to)(Duffey, Thomas) (Entered: 06/25/2021) |
| 06/25/2021 | 28 | REPLY to opposition to motion re 23 MOTION for Summary Judgment filed by UNITED STATES PARK POLICE. (ztd); (SEE DOCKET ENTRY NO. 27 TO VIEW.) (Entered: 06/30/2021) |

5

| | | |
|---|---|---|
| 07/23/2021 | 29 | REPLY to opposition to motion re 25 Cross MOTION for Summary Judgment filed by HUMAN RIGHTS DEFENSE CENTER. (Golden, Deborah) (Entered: 07/23/2021) |
| 06/06/2022 | 30 | ENTERED IN ERROR.....Joint STATUS REPORT by HUMAN RIGHTS DEFENSE CENTER. (Golden, Deborah) Modified on 6/6/2022 (zjm). (Entered: 06/06/2022) |
| 06/06/2022 | | NOTICE OF ERROR : regarding 30 Status Report. Incorrect case number. Counsel has refiled in the correct case. (zjm) (Entered: 06/06/2022) |
| 08/29/2023 | 31 | MEMORANDUM OPINION RE: 23 Defendant's Motion for Summary Judgment and 25 Plaintiff's Cross Motion for Summary Judgment. Signed by Judge Tanya S. Chutkan on 8/29/23. (lca) (Entered: 08/29/2023) |
| 08/29/2023 | 32 | Order granting 23 Defendant's Motion for Summary Judgment and denying 25 Plaintiff's Cross Motion for Summary Judgment. See Order for further details. Signed by Judge Tanya S. Chutkan on 8/29/23. (lca) (Entered: 08/29/2023) |
| 10/16/2023 | 33 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 31 Order on Motion for Summary Judgment, 32 Order by HUMAN RIGHTS DEFENSE CENTER. Filing fee $ 505, receipt number ADCDC−10422727. Fee Status: Fee Paid. Parties have been notified. (Golden, Deborah) (Entered: 10/16/2023) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

HUMAN RIGHTS DEFENSE CENTER

                  Plaintiff

        vs.                      Civil Action No. 19-1502-TSC

UNITED STATES PARK POLICE

                  Defendant

## NOTICE OF APPEAL

Notice is hereby given this 16th day of October, 20 23, that the Human Rights Defense Center hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgment of this Court entered on the 29th day of August, 20 23 in favor of the United States Park Police against said Human Rights Defense Center.

                                                        /s/ Deborah M. Golden
                                                        Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

**CLERK**      Please mail copies of the above Notice of Appeal to the following at the addresses indicated:

THOMAS W. DUFFEY
Assistant United States Attorney
Civil Division
601 D Street, NW
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES PARK POLICE**, <br><br> Defendant. | Civil Action No. 19-1502 (TSC) |

### MEMORANDUM OPINION

Plaintiff Human Rights Defense Center ("HRDC") sued the United States Park Police ("Park Police") under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., seeking to compel disclosure of records responsive to requests submitted by HRDC to Park Police. Compl., ECF No. 1.  The parties have cross-moved for summary judgment.  *See* ECF Nos. 23, 25.  For the reasons set forth below, the court will GRANT Defendant's Motion for Summary Judgment, ECF No. 23, and DENY Plaintiff's Motion for Summary Judgment, ECF No. 25.

### I. BACKGROUND

**A. HRDC's FOIA Request**

HRDC is an organization "dedicated to public education, prisoner education, advocacy, and outreach to support the rights of prisoners and to further basic human rights." Compl. at ¶ 5. HRDC publishes and distributes books, magazines, and law journals about related topics, including prisons, jails and other detention facilities, prisoners' rights, and court rulings. *Id.* at ¶ 7. Park Police is a law enforcement agency with jurisdiction in all federal parks. *Id.* at ¶ 12. Park Police officers have arrest authority in California, Maryland, New Jersey, New York, Virginia, and Washington, D.C.  *Id.* at ¶ 13.

On December 12, 2018, HRDC sent Park Police a FOIA request for records of litigation against Park Police. *Id.* at ¶ 14. Specifically, HRDC requested:

> "1. Records, regardless of physical form or characteristics, sufficient to show for all claims or lawsuits brought against the U.S. Park Police and/or any of its agents or employees in which payments totaling $1,000 or more were disbursed from January 1, 2010 to the present:
> - The name of all parties involved;
> - The case or claim number;
> - The jurisdiction in which the case or claim was brought (e.g., U.S. District Court for the District of Columbia, D.C. Superior Court, etc.);
> - The date of resolution;
> - The amount of money involved in the resolution and to whom it was paid.
>
> 2. For each case or claim detailed above:
> - The complaint or claim form and any amended versions;
> - The verdict form, final judgment, settlement agreement, consent decree, or other paper that resolved the case." *Id.* at ¶ 15.

Having received no response to the December 12, 2018 FOIA request, HRDC sent the same request to Park Police via the Department of the Interior's online portal. *Id.* at ¶ 17. On March 4, 2019, Charis Wilson, a National Park Service FOIA Officer, sent HRDC an email indicating that the March 1, 2019 FOIA request had been received and was routed for processing. *Id.* at ¶ 19. When HRDC filed its complaint on May 23, 2019, Park Police had not yet responded to the FOIA request. *Id.* at ¶ 21.

**B. Negotiations**

On September 5, 2019, Park Police filed an answer, and the court ordered the parties to meet and confer. Answer, ECF No. 9; 9/5/2019 Minute Order. Between October 7, 2019 and September 28, 2020, the parties submitted several Joint Status Reports. ECF Nos. 11,12, 14–18. As a result of the parties' meet and confer discussions, HRDC narrowed the scope of its FOIA request as follows:

- (a) excluding all records of an automobile accident (personal or property injury) under $50,000;
- (b) excluding all records of Equal Employment Opportunity ("EEO") claims premised on worker's compensation or pay calculation benefits (but including EEO discrimination claims); and
- (c) excluding any category of claim where the relief sought or rendered is under $3,000. *See* ECF No. 11 at ¶ 4.

On September 13, 2019, Park Police released all records responsive to HRDC's modified request, except for EEO records. 9/28/2020 Joint Status Report, ECF No. 18 at ¶ 2. Park Police asserted that it "completed its search and review of relevant EEO records and produced all non-exempt EEO records to HRDC by letter dated October 18, 2019." *Id.* In addition, it stated that it "inadvertently released two claimants' names" and asked HRDC to agree to destroy any copies referencing the claimants and not disseminate their names. Def.'s Reply at 6, ECF No. 27; Decl. ¶ 29.

When the parties filed their most recent joint status report, they indicated that they had exhausted efforts to narrow the areas of disagreement through the meet and confer process and the remaining issues required briefing and court resolution. 9/28/2020 Joint Status Report ¶ 7. By the time Park Police moved for summary judgment, the parties had narrowed the questions concerning withholdings and the issues for summary judgment briefing to the following: (a) the names of claimants withheld with respect to fourteen EEO complaints and three tort matters pursuant to Exemption 6, including the inadvertent disclosure of a claimant's name that Park Police contends should be subject to a claw back; and (b) the names of police officers withheld pursuant to Exemption 6 with respect to the three tort matters. Def.'s Mot. for Summ. J. at 3. After reviewing Park Police's motion, HRDC decided not to challenge the redactions on the EEO claims. Pl.'s Cross Mot. for Summ. J. at 2.

Now the court must decide whether, under Exemption 6, the government may redact the identities of claimants and police officers in three tort claims: 1) an assault by a Park Police sergeant on a visitor to the Lincoln Memorial, which resulted in a $17,500 settlement; 2) a Park Police SWAT team's forcible entry into a residence, which resulted in a $13,500 settlement; and 3) the ejection of a member of the public from a D.C. Taxicab Commission meeting, which resulted in a $15,000 settlement. *Id.* The court must also decide whether to order HRDC to return the two inadvertently disclosed records. *Id.* at 8.

## II.   LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc., v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987). FOIA cases are typically and appropriately resolved on motions for summary judgment. *See Brayton v. Off. of the U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011). Agencies bear the burden of justifying the withholding of any records, as FOIA requires a "strong presumption in favor of disclosure." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). The court therefore analyzes all underlying facts and inferences in the light most favorable to the FOIA requester, even where the requester has moved for summary judgment. *See Pub. Citizen Health Research Grp. v. FDA*, 185 F.3d 898, 904–05 (D.C. Cir. 1999).

In a FOIA case, a district court reviewing a motion for summary judgment conducts a *de novo* review of the agency's assertion of any of FOIA's statutory exemptions to withhold requested information, 5 U.S.C. § 552(a)(4)(B), and the responding federal agency bears the

burden of showing that the requested records fall within the exemption claimed. *See Reporters Committee for Freedom of the Press v. FBI*, 3 F.4th 350, 357 (D.C. Cir. 2021).

### B. FOIA

FOIA was enacted to allow public access to government documents. *See Waterman v. IRS*, 61 F.4th 152, 156 (D.C. Cir. 2023). Although the statute favors disclosure, it also exempts nine categories of records from the general presumption of mandatory disclosure for confidentiality and privacy reasons. *See NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 220-21 (1978); 5 U.S.C. § 552(b).

In cases regarding the applicability of certain FOIA exemptions, agencies may rely on supporting declarations that are reasonably detailed and non-conclusory. *See, e.g., ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *ACLU*, 628 F.3d at 619. But a motion for summary judgment should be granted in favor of the FOIA requester where "an agency seeks to protect material which, even on the agency's version of the facts, falls outside the proffered exemption." *Coldiron v. U.S. Dep't of Justice*, 310 F. Supp. 2d 44, 48 (D.D.C. 2004) (quoting *Petroleum Info. Corp. v. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992)).

### III.   ANALYSIS

#### A. FOIA Exemption 6

Exemption 6 permits an agency to withhold "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion


that disclosure of [ ] information would constitute an invasion of privacy ... defendants have failed to articulate a substantial privacy interest").

Courts consider the context of the requested information in determining the level of privacy interest. *Prison Legal News v. Samuels*, 787 F.3d 1142, 1147 (D.C. Cir. 2015); *see also U.S. Dep't of State v. Ray*, 502 U.S. 164, 176 n.12 (1991) (emphasizing that when courts weigh whether to disclose a list of names they should consider "the characteristic(s) revealed by virtue of being on the particular list, and the consequences likely to ensue."). In *Ray*, the Supreme Court found a substantial privacy interest in the names of Haitian nationals who cooperated with a federal investigation of Haiti because disclosure could subject them to retaliatory action and "embarrassment in their social and community relationships." 502 U.S. at 176.

The "clearly unwarranted" language requires a "balancing of interests between the protection of an individual's private affairs from unnecessary public scrutiny, and the preservation of the public's right to governmental information." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999) (internal citations and quotation marks omitted). "The only relevant public interest in the FOIA balancing analysis [is] the extent to which disclosure of the information sought would 'she[d] light on an agency's performance of its statutory duties' or otherwise let citizens know what their government is up to.'" *Id*. (quoting *U.S. Dep't of Defense v. Fed. Labor Relations Auth.*, 510 U.S. 487, 497 (1994)).

Courts have generally found that government employees and officials, especially law enforcement personnel, have a privacy interest in protecting their identities that outweighs the public interest because disclosure "could subject them to embarrassment or harassment in the conduct of their official duties and personal affairs." *Moore v. Bush*, 601 F. Supp. 2d 6, 14 (D.D.C. 2009) (finding that Exemption 6 protected FBI employees' names because disclosure

could subject them to harassment and plaintiff did not articulate any public interest that would be served by disclosure); *see also Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 152–53 (D.C. Cir. 2006) (finding that Exemption 6 permitted the FDA to withhold the names of employees who approved an abortion drug, explaining disclosure might subject employees to abortion-related violence and would not reveal whether the drug had health risks);. Likewise, courts have held that private citizens' privacy interest in protecting their identities outweighs the public's interest in disclosure. *See Carter, Fullerton & Hayes LLC v. FTC*, 520 F. Supp. 2d 134, 145 n.4 (D.D.C. 2007) (finding that any public interest in complaints to the FTC "is not fostered by disclosure of information about private citizens that is accumulated in [FTC] files but that reveals little or nothing about [the] [A]gency's own conduct."); *Kidd v. Dep't of Justice*, 362 F.Supp.2d 291, 297 (D.D.C. 2005) ("Providing personal identifying information commonly found in constituent letters [to Congresspersons] does not advance the purpose of FOIA and, as such, may be withheld from FOIA requests."); *Voinche v. FBI*, 940 F.Supp. 323, 329–30 (D.D.C. 1996) ("There is no reason to believe that the public will obtain a better understanding of the workings of various agencies by learning the identities of ... private citizens who wrote to government officials.").

Here, the threshold inquiry is satisfied because Park Police seeks to withhold the names of claimants and police officers involved in three settlements. *See Judicial Watch, Inc.*, 449 F.3d 141 at 152 (finding that personnel, medical, or "similar" files covered by Exemption 6 can "include tiny bits of personal information, such as names and addresses"). It is also clear that both the claimants and officers possess a privacy interest in their identities. *See Moore*, 601 F. Supp. 2d at 14; *Voinche*, 940 F.Supp. at 329-30.

Park Police argues that disclosing the names would constitute "an unwarranted invasion of personal privacy" for both claimants and officers because of the nature of the tort claims, all of which appear to involve officers using force on private citizens. *See* Vaughn Index at 13–15, ECF No. 23-8. They contend that disclosing the claimants' names could result in embarrassment, harassment, and undue public attention. Def.'s Mot. for Summ. J. at 9. While Park Police does not explain how these potential threats to privacy are "more palpable than mere possibilities," *Rose*, 425 U.S. at 381 n.19, the court acknowledges that there well may be some members of the public who seek to harm and/or harass those who bring claims against police officers.

Likewise, Park Police argues that disclosing the accused officers' names could also result in threats to their personal privacy but does not explain how these threats are "more palpable than mere possibilities." *Id*. Unlike in *Judicial Watch*, Park Police does not identify any harm or violence the officers will face as a result of disclosure. 449 F.3d at 152–53. However, the court acknowledges that the allegations against the officers were never proven in a judicial proceeding, and that disclosing their names may lead the public to infer that the officers engaged in wrongdoing, which could result in retaliation, embarrassment, harassment, and undue public attention. Consequently, in applying the balancing test, the court will assume that disclosure of both the claimants' and officers' names would be an invasion of personal privacy.

HRDC argues that the public has an interest in knowing which claimants were hurt by police officers and received compensation in settlements. *See* Pl.'s Cross Mot. for Summ. J. at 4, ECF 25. Park Police counters that the alleged public interest is *de minimis* because "the settlements are relatively small, no allegations have been proven, and all other information related to the claims has been provided." Def.'s Reply at 6. The court finds that the claimants'

privacy interest in protecting their identities outweighs the alleged public interest because disclosing the names would reveal little or nothing about Park Police's conduct and would not assist the public in better understanding the workings of the agency. *See Carter, Fullerton & Hayes LLC*, 520 F. Supp. at 145 n.4; *Voinche*, 940 F.Supp. at 329–30.

HRDC further argues that the public has a strong interest in knowing exactly which officials were involved in allegedly wrongful conduct, such as excessive force. *See* Pl.'s Cross Mot. for Summ. J. at 7. Park Police responds that because the accused officers are "relatively low-ranking law enforcement officer[s]," disclosure would negatively impact the officers' privacy interests and have only a *de minimis* public benefit, especially because the allegations against them were not proven. Vaughn Index at 13–15. Park Police also noted that the officers were still employed at the Park Service when it submitted the Vaughn index in 2021. *Id.*

The D.C. Circuit has held that identifying employees who repeatedly engage in tortious or discriminatory conduct will shed light on an agency's performance of its statutory duties, further the public interest in ensuring that disciplinary measures imposed are adequate, hold bad actors accountable, and help root out misuse of public funds. *Prison Legal News*, 787 F.3d at 1151 (internal citations and quotations omitted) (finding that an agency did not provide sufficient explanations for applying Exemption 6, declining to engage in balancing test, and remanding case to the district court). HRDC argues that identifying the police officers involved in these tort claims will reveal whether the officers are repeat offenders, how much taxpayer money has been used to resolve the claims against them, and whether they continue to be employed by Park Police. *See* Pl.'s Cross Mot. at 7. They point out that several police officers in other cities who had use of force complaint histories later killed private citizens while on duty. *Id.* (citing Derek Chauvin, Garrett Rolfe, and Jason Van Dyke, who were all charged with fatally shooting black

citizens). Yet the tort incidents at issue here, which did not result in fatalities, are not comparable to the police-involved murders HRDC cites. In addition, most of the information HRDC believes will be revealed by disclosing the officers' names has already been disclosed. For example, Park Police disclosed the amount of each settlement, the relative low rank of the officers, and that the officers are still employed with the agency. Vaughn Index at 13–15. This information on its own, without the officers' names, fulfills the basic purpose of FOIA, which is to "ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB*, 437 U.S. at 242. Thus, the court concludes that the officers' privacy interest in protecting their identities outweighs the public's interest in disclosure, which would reveal little more about Park Police's conduct than what has already been disclosed and would not assist the public in better understanding the workings of the agency. *See Carter, Fullerton & Hayes LLC*, 520 F. Supp. at 145 n.4; *Voinche*, 940 F.Supp. at 329–30.

## B. Claw Back

Park Police claims it inadvertently disclosed the names of two claimants and seeks to claw back the names, demanding that HRDC return and not disseminate documents containing the names. *See* Def.'s Reply at 6. FOIA does not provide for the compelled return or destruction of inadvertently produced documents. *See generally* 5 U.S.C. § 552. "Nevertheless, federal courts have long 'understood that certain implied powers must necessarily result to our Courts of justice from the very nature of their institution,' which 'are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Wilson v. Fed. Commc'ns Comm'n*, No. 21-CV-895-RMM, 2022 WL 4245485, at *5 (D.D.C. Sept. 15, 2022) (quoting *Chambers v. NASCO, Inc.*,

501 U.S. 32, 43 (1991)).  Courts have used that implied power to bar dissemination of information inadvertently disclosed in FOIA proceedings, especially if the information is covered by an exemption.  *See, e.g.*, *Wilson*, 2022 WL 4245485 at *16 (ordering plaintiff not to disclose, disseminate, or make use of the inadvertent disclosure pending further briefing and resolution of the propriety of agency's withholding); *Pub. Citizen Health Research Grp. v. Food & Drug Admin.*, 953 F. Supp. 400, 404 (D.D.C. 1996) (ordering plaintiff not to disseminate inadvertently disclosed information to "balance the scale").  A federal court's implied power remains "limited by the necessity giving rise to its exercise," however, and its use must be "a reasonable response to the problems and needs that provoke it."  *Degen v. United States*, 517 U.S. 820, 823–24, 829 (1996).

As discussed previously, the claimants' names are covered by Exemption 6, and there is no discernible public interest in having the names of private citizens disclosed.  Accordingly, the court will use its implied powers, as set forth in *Wilson*, to order HRDC not to disclose, disseminate, or make use of the claimants' names.

## IV.   CONCLUSION

For these reasons, the court concludes Park Police may withhold the claimants' names and the accused officers' names under Exemption 6.  The court will grant Defendant's Motion for Summary Judgment, ECF No. 23, and deny Plaintiff's Motion for Summary Judgment, ECF No. 25.

Date: August 29, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HUMAN RIGHTS DEFENSE CENTER**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES PARK POLICE**, <br><br> Defendant. | Civil Action No. 19-1502 (TSC) |

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion, ECF No. 31, Defendant's Motion for Summary Judgment, ECF No. 23, is hereby GRANTED and Plaintiff's Cross Motion for Summary Judgment, ECF No. 25, is hereby DENIED.

Date: August 29, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge